Thomas, Justice, delivered the opinion of the court; [*379] This was an action of assumpsit, commenced in the circuit court of La Salle county, by the defendants in error, as partners, against the plaintiff in error, upon an open account, for goods, wares, and merchandise sold and delivered. ' The court, by the agreement of the parties, tried the cause, without the intervention of a jury, and on hearing the proofs and allegations, found for the plaintiffs, and assessed their damages at '$464.09. The defendant moved for a new trial. This motion was overruled, and judgment rendered upon the finding of the court. The defendant excepted, and now prosecutes his writ of error to this court, for the correction of the supposed error of the circuit court, in overruling his motion for a new trial, and giving judgment against him. On the trial in the court below, as appears from the bill of exceptions allowed by the court, the defendant admitted the account of the plaintiffs to the amount of $717.17, but claimed that he had fully paid and discharged it. The plaintiffs admitted pay-menfc bj the defendant to the amount of $307.08, but no more, and claimed a balance for $464 09. From the books of the plaintiffs, produced on notice, it appeared, that in addition to the payments admitted by the' plaintiffs to have been made by the defendant, he had been credited oh those books with $266.10, on the 25th of February, 1841, and with $208.00, the balance in full of his account, on the 15th of October, 1841, by or under the direction of Micajah Mott, one of the plaintiffs, in discharge of his, the said Mott’s, individual' indebtedness to the defendant. The court refused to allow the defendant the benefit of these credits, or either of them, as having been given without the authority or assent of the plaintiff Wood-worth. The disallowance of these credits by the circuit court is the only matter of controversy here; and the dispute of the parties has reference entirely to the facts of the case, and not to the law by which it must be settled. It is admitted by the parties, and established by authorities, that one partner is in no case bound b.y the act of his co-partner, done without his assent (12 Peters 230; 7 Wend. 328) ; and that although his assent may be implied from their partnership relations in regard to all acts within the scope of their partnership transactions, it cannot be in reference to the payment by his co-partner of his, the co-partner’s individual indebtedness with the partnership funds or effects. In such ease there must be extraneous evidence to prove such assent; and in the absence of such evidence, it will be wholly immaterial whether the separate creditor knew that such payment had been made with the partnership funds or not; he will, in either event, acquire no property in the partnership funds, or be entitled to no discharge from his debt to the firm, (as the case may be,) as against the partner, without [*380] whose assent such payment has been made. The only enquiry, therefore, in this case, is whether Wood-worth assented- to the appropriation .made by his partner, Mott, of the partnership effects, to the payment of his, the said Mott’s, individual indebtedness to the defendant. If he did so assent, the court erred in disallowing such payments as against him; otherwise not. This must be determined bj reference to the evidence heard on the tried, as preserved in the bill of exceptions. From this it appears very clearly, that Woodworth did not know of, or consent to either of the credits given by Mott on the partnership books, at or before the time at which they were respectively given. I then proceed to consider whether he was subsequently notified of, and expressly or by implication assented to those payments, or either of them. And first in regard to the item of $266.10. It is said by the counsel for the plaintiff in error, that Woodworth must be presumed, as a member of the firm, to have access to its books, and from an examination of tbem to have been apprised of the entry of this credit upon them ; and that making no objection thereto, he impliedly assented to, and sanctioned it; but without expressing any opinion as to the effect of his having had such notice merely, if he had had it, I think the circumstances under which the entry was made negative the supposition that he ever did have it. The entry of this credit was in the hand writing of Mott, who was the active partner in the concern. It appeared nowhere except in the account of the defendant Brewster, not being, as it should have been, charged to Mott, in his own account, on the books. Woodworth, who although he resided in the same village, but seldom examined the books, or troubled himself about the partnership business, must have remained ignorant of this entry, unless he had carefully inspected, item by item, every account upon the books; as there is nothing to show that his attention was at any time particularly called to Brewster’s account. If it had been also entered as an item of debit upon the account of Mott, as according to the correct mode of doing business it should have been, it might have been otherwis'e, as Woodworth might have been presumed occasionally to look over his partner’s account. The supposition that Woodworth never had notice of this entry on the books is strengthened by the fact disclosed in evidence, that the clerk in the employment of the concern was ignorant of its existence until some time after the dissolution of partnership by the plaintiffs, on the 18th of October, 1841. I therefore think that the circuit court decided correctly in disallowing this credit. The fact that Woodworth occasionally drew orders on the firm on account of his individual debts, and that such orders [*381] were paid out of the partnership effects, does notvary this view of the matter. The evidence on this point falls very far short of sustaining the. position assumed by the counsel for the plaintiff in error, that it was the uniform practice of the partners to pay their individual debts out of the partnership effects ; and that this was so notorious and generally known, as, to authorize any separate creditor lawfully to set off the debt of either partner, due to himself, against his partnership indebtedness. Nor is it material whether such orders were paid without the knowledge or consent of Mott or not. for even if they were, and such judgments were invalid as to him, that would not affect the validity of the credit under consideration, given by him to the defendant, as against Woodworth. The presumption however is, that those orders, when drawn, were charged to Woodworth upon the books, and that Mott necessarily knew of, and assented to their nayment. Having thus disposed of the first credit claimed bj the defendant, I proceed to the consideration of the other for $208. This was entered on the books on the 15th of October, 1841, by the clerk, by Mott’s directions, in the absence and without the knowledge of Woodworth; and the clerk suspecting that it was a wrong credit, a day or two afterwards, informed Woodworth of it, who manifested surprise, and said “ the entry was of .no account, and would make no difference,” or words to that effect. The plaintiffs on the 8th, 9fch, and 10th of October, 1841, were not on speaking terms, on the 14th of that month the agreed to dissolve, and on the 18th signed the articles of agreement of dissolution, by which Mott was to retain the goods of the firm, and Woodworth was to have the real estate, and all the debts due to the firm, and to pay all the debts due from the firm; and the said agreement was to operate as a receipt for all demands then existing between the said Mott and Woodworth, as, exhibited by the books of the said firm, except a certain railroad debt and some scrip, etc. This last clauseof the agreement relating to the settlement of the books, etc., was inserted in the agreement, at the time that it was signe'd, at the request of Woodworth. All of the plaintiffs’ account, on which the action was brought, accru'ed prior to the 15th of October, 1841. This is all the evidence on this point in anywise material, as disclosed by the bill of exceptions. By it, it clearly appears that Woodworth .had actual notice, before the agreement was signed, that this credit had been given, and that consequently, the debts due to the firm, which by that agreement were to be his, had been diminished to that amount. Had he been dissatisfied with the conduct of Mott, he should then have made his objections thereto. His signing the agreement, without doing so, amounts to an approval of that conduct, and makes the payment by the defendant to Mott good and operative against the partnership debt. This is not the case of mere notice to a partner of a previous appropriation by his co-partner, without his knowl- [* '382 ] edge or consent, of partnership effects, to pay such co-partner’s individual debts, and of his implied assent thereto, by reason of his not expressly disaffirming such appropriation. Buthere the partners dividing the effects of the concern, Woodworth takes the debts as they stand on the books, except so far as entries may have been improperly made therein, without his knowledge, at the time of the agreement. He knows that Brewster’s debt has been credited on the books to the-amount of $208, by the act of Mott, and makes no objection thereto. He thereby acknowledges the validity of that credit. In this view of the case the court below erred in disallowing this credit, and for that error its judgment must be reversed. But this court having power to render such judgment as the circuit court should have rendered, in the premises, it is the opinion of the court that the defendants in error recover of the plaintiff in error the sum of 1256.09, with interest thereon at the rate of six per centum per annum, from the 28th of November, 1842, the date of the judgment below, together with their costs in the court below, and that the plaintiff in error recover his costs in this court. Judgment reversed.