## HARTLEY WILLIAMS *vs.* SILAS J. BRIMHALL.

A debt due from one partner cannot be set off in an action by the assignee in insolvency of the partnership on a debt due to the partnership.

A contract by one of two partners in the business of building houses, made without the knowledge of the other, to build a house in payment of a private debt of his own, is a fraud upon the partnership, and void, if the creditor knows that the two are partners in that business; and if both partners actually do the work, they or their assignee in insolvency may recover therefor of such creditor, without proving the terms of their copartnership, or that the partner who made the contract agreed that the work should be done by the partnership.

ACTION OF CONTRACT by the assignee in insolvency of the joint and separate estates of Solomon S. Bigelow and Moore Smith, partners, on an account annexed, for many days' work done and materials found by them in building a dwelling-house for the defendant.

The defendant in his answer required the plaintiff to prove that Bigelow & Smith performed the labor and furnished the materials; alleged that he had paid the plaintiff's claim; claimed to set off a promissory note made by Bigelow to Alfred G. Woodward, and by him indorsed to the defendant, before the commencement of the proceedings in insolvency; and alleged " that he never employed Bigelow & Smith to labor by the day; but that he employed said Bigelow to work for him by the day; that said Bigelow, before said labor was performed, agreed to perform said labor in payment of said note of defendant; and that said labor and materials declared on by the plaintiff was performed and were furnished under an express agreement with said Bigelow that the same were to be set off against the defendant's said note."

Trial before *Metcalf*, J., who made a report thereof, of which the pleadings were made part, and the residue of which was as follows: " The defendant offered evidence to show that the contract for building said house was made by him with Bigelow, in the absence of Smith, and that Bigelow then agreed with the defendant to appropriate to the payment of said note, from the price for building said house, as much as he should be able,

after receiving enough in money from the defendant ' to give him (Bigelow) a support while the work was being done ; ' and that this was the only agreement made by the defendant for the building of said house — no contract having been made by him with Bigelow & Smith.

" But as it was in evidence, and not denied by the defendant, that both Bigelow and Smith worked on said house, and that the defendant knew that they were partners in the business of building houses; and that he had, a short time before said alleged agreement with Bigelow, contracted with them, as partners, for building another house for him, which they built accordingly ; and as it appeared that if such an agreement with Bigelow alone, as the defendant offered to prove, was in fact made, it was not authorized, assented to or known by said Smith ; the judge ruled, that evidence of such agreement would not, though it were believed by the jury, furnish a defence to the plaintiff's claim, nor warrant a set-off of said note against said claim, and that it was therefore inadmissible.

" The parties thereupon agreed to submit to the jury the following question : ' Whether in the contract, under which said house was built, said Bigelow agreed with Brimhall that he would appropriate, from his portion of the price for the labor upon the house, as much as he should be able, towards the payment of the $950 note ? ' To this question the jury returned a negative answer ; and they found a verdict for the plaintiff.

" If any error, prejudicial to the defendant's legal rights, was committed at the trial, he is to have a new trial ; if not, judgment is to be rendered on the verdict."

*G. F. Hoar & J. H. Hill*, for the defendant. 1. The defendant should have been allowed to set off his note. In actions brought by the assignees of insolvent debtors, the defendant is not confined to the right of set-off usually allowed in actions at law, but may set off any claim, legal or equitable, which he has against the fund which the assignee represents. *Ex parte Flint*, 1 Swanst. 30. *Ex parte Prescot*, 1 Atk. 230.

It is well settled that a separate debt due from the estate may be set off against a joint debt to it. *Tucker* v. *Oxley*, 5 Cranch

34. *Ex parte Hanson*, 12 Ves. 346. *Slipper* v. *Stidstone*, 5 T. R. 493. The most convenient practical rule is to consider the fund represented by the assignee as a unit, and to strike a balance, to be proved against the estate, or recovered by the assignee. If the principle claimed by the plaintiff is adopted, it may follow that a portion of the money collected of the defendant will be paid into the private estate of the partner, from which the defendant will receive only a dividend. If the defendant were in bankruptcy, on the authorities cited above, the assignee might set off these very debts; or Bigelow & Smith might do so, if solvent. This right must be mutual.

At any rate, the defendant may set off this claim against so much of the debt due Bigelow & Smith as shall belong to Bigelow's private estate after the partnership debts are paid. The assignee therefore cannot recover in this action without first showing that the whole of it, or how much of it, will be needed to pay partnership debts. 1 Cooke Bankr. Law, 557.

2. The evidence rejected by the court was not offered to establish a contract by one partner, in behalf of the firm and binding upon them, to expend partnership labor in payment of a private debt. It was to show that the defendant never contracted with the firm, and that he never made any contract which rendered him liable on a *quantum meruit*. Bigelow might well contract to build a house for the defendant in payment of his private debt, and this contract, when executed, would be valid, and would give no right of action, even if Bigelow was then a member of a firm, and procured the house to be built by such firm, and even if this agreement was not known to his partner.

It does not appear that the defendant was a party to any fraud upon the partnership articles; nor does it appear that the defendant knew that partnership labor was expended on the house, or on what terms Smith was working, or that the terms of the partnership extended to the time when this contract was to be performed, or prohibited either partner from doing similar business on his own account, or that Smith was ignorant of the terms of his contract.

Suppose an action had been brought by Brimhall against the

firm for a failure to build the house according to the contract, and Smith had shown in defence the facts offered in evidence at the trial, namely, that the plaintiff never made any contract with the firm, and that Bigelow undertook to contract in his own behalf, and to do the work in payment of a private debt; could Smith be held on such facts?

*F. H. Dewey*, for the plaintiff.

BIGELOW, J. 1. The decisive objection to a set-off by the defendant, of a debt due to him from one of the firm, against a debt which he owes to the insolvent copartners, is that it contravenes the rule of distribution of the property of insolvent debtors among their joint and several creditors, established by *St.* 1838, *c.* 163, § 21. A debt due to a firm constitutes a part of their joint assets, and to allow a private debt due from one of the copartners to be set off against it would be to appropriate a part of the joint estate to pay a private debt. The effect of it would be, not only to give a private creditor of one of the firm, who happened to be a debtor of the copartnership, a preference over other creditors, but, in many cases, to absorb a large amount of the joint assets for the benefit of separate creditors.

2. The other ground on which the defendant seeks to maintain his set-off is not tenable. The principle is well established, that any appropriation of the credit, assets or property of a copartnership in payment of the separate debt of one of the firm, without the knowledge or assent of the copartners, is a fraud on the firm, and cannot be enforced against them. Thus it has been held, that a note given by one copartner, in the name of the firm, for his private debt, without the knowledge or assent of his copartners, is not binding on the firm. It is a fraudulent appropriation of the credit of the firm. So too an agreement, by a member of a firm, to sell partnership property in payment or discharge of his private debt, without the assent, express or implied, of the other members of the copartnership, is deemed fraudulent and void as against the firm, because it is an agreement to appropriate the common property in payment of a separate debt. In like manner, and for the same reason, the set-off of a debt due to the firm against a debt due to one of the copartners, if not known

or assented to by the other members of the firm, is not bind‹ ing on the copartnership. *Chazournes* v. *Edwards*, 3 Pick. 5. *Rogers* v. *Batchelor*, 12 Pet. 221. *Dob* v. *Halsey*, 16 Johns. 34. *Evernghim* v. *Ensworth*, 7 Wend. 326. Collyer on Part. §§ 494, 498, 500, 501. The only qualification of this doctrine is, that if the agreement to set off a debt due to a firm against a debt due from one of the copartners is executed, an action *ex contractu* cannot be maintained in the name of the firm to recover the debt which has been thus fraudulently discharged by one of the copartners. *Homer* v. *Wood*, 11 Cush. 62.

The case at bar seems to us to come within the general principle above stated. The insolvent debtors were members of a firm established to carry on a business in which the personal services and labor of both copartners constituted the main and essential feature of the copartnership. In all matters ·coming within the scope of the business of the copartnership, the services of both copartners belonged to the firm. They were, in a certain sense, the capital stock by which the business of the firm was to be created and carried on, and out of which the joint property, profits and credit were to arise. Each copartner had a right to claim that the services of his copartner should be devoted to the business of the firm. Any agreement, therefore, by one of them, to appropriate the services of the copartner, which were to be rendered within the scope of the business of the firm, in payment of his separate debt, without the knowledge or assent of his copartner, was just as much a violation of the contract of copartnership and a fraud on the firm, as if the joint property or securities had been appropriated in like manner.

In this case, it appears by the evidence that the services which were to be rendered to the defendant were directly within the scope of the business of the firm ; that the defendant knew this ; that the work was actually performed by the copartners, so as to create a joint debt to the firm ; and that the agreement by one of the firm with the defendant, to set-off his private debt against the debt which would accrue to the firm by the work and labor to be performed by both copartners, was made without the knowledge or assent of the other copartner. Such an agree-

ment was clearly one which operated as a fraud on the copartnership. It was an agreement to make a direct appropriation of that which belonged to the firm to the payment of a private debt of one of the copartners, and it cannot be set up as a valid contract in defence to the claim for services rendered by the firm.

It was strenuously urged by the counsel for the defendant, that it did not appear that the defendant was cognizant of any facts which would make the agreement to set off his private debt a fraud on the copartnership, and that, in the absence of such proof, the true inference was that he acted in good faith, and was therefore entitled to the benefit of his contract for the set-off of his private debt. But this argument is founded on a misapprehension of the rule of evidence applicable to such contracts. Whenever it is made to appear that the credit, property or assets of a firm have been applied by one copartner in payment of his separate debt, it is incumbent on the creditor to show that he acted in good faith, and without any knowledge of the fraudulent nature of the act of the copartner with whom he dealt. If a private creditor takes partnership notes, securities or property in payment of his separate debt, or agrees with one copartner to set off his private debt against a debt due to the firm, it is *prima facie* a misappropriation of partnership property or assets, and it is not necessary for the copartnership to prove that the creditor knew at the time that it was a fraud on the firm. The fact of such application of partnership property and assets to the payment of a private debt is sufficient to put the creditor on his guard, and renders it necessary for him to show that he acted in good faith and without any knowledge of the fraud. Such is the rule stated in the authorities above cited, and in Story on Part. §§ 132, 133.

In the present case, the defendant knew of the copartnership, and of the nature of the business carried on by the firm, and that the work which was to be done for him was within the scope of that business. *Prima facie*, it was work to be done by the copartnership, and the agreement to set off his private debt for the work to be performed by the firm was *prima facie*

a contract for the misappropriation of that which he knew belonged to the firm, to pay the separate debt of one of the copartners. As this was done without the knowledge or assent of the other copartner, it was evidence of a fraud on the firm, and as the defendant offered no evidence to rebut this *prima facie* case which the plaintiffs had established, he failed to maintain his set-off. *Judgment on the verdict.*