## BISHOP a. EDMISTON.

*Supreme Court, First District; Special Term, October,* 1861.

### DEFECT OF PARTIES PLAINTIFF.

Where an action was brought by the owners of one half of a vessel against insur-
ance brokers employed by all the owners, to recover the amount received by
them for insurance due upon the loss of the vessel, and also to charge them
with the whole amount of insurance due upon such loss, for negligence in col-
lecting and for misbehavior in taking notes for a portion of such insurance, in-
stead of money, without authority ; and the complaint averred that the moneys
collected had been applied on an individual indebtedness of the owner of the
remaining half of the vessel, by his collusion to defraud the plaintiffs, and such
joint-owner was made a party defendant, but there was no averment that such
defendant had been requested to join in the prosecution of the demand against
the insurance brokers,—

*Held,* that there was a defect of parties plaintiff, and that the defendant, part-
owner, must join in the action as plaintiff, or a right to make him defendant
must be first acquired in the manner prescribed in § 119 of the Code.

Demurrer to a complaint.

The plaintiffs in this action were the owners of one half of
the brig Alma; the defendant McLauchlin was the owner of
the other half of the vessel. The brig was lost at sea, and the
defendants Edmiston were employed by McLauchlin as insur-
ance brokers to collect an insurance of $6000, which had been
effected before her loss. The Edmistons collected a consider-
able portion of this insurance-money, and took notes for the
remainder. The complaint averred that the Edmistons failed
in their duty, and were chargeable with the full amount of the
insurance, and claimed to hold them therefor. The complaint
averred that the defendant McLauchlin was indebted to the
Edmistons on account of individual dealings with them wholly
distinct from the transaction above set forth, and that the sums
collected by the Edmistons on account of the brig were, without
the authority, knowledge, or assent of the plaintiffs, or either
of them, carried to the said separate account of McLauchlin
and placed to his credit thereon, and applied towards the pay-

ment of a separate debt of McLauchlin : that the Edmistons well knew that the plaintiffs were entitled to one half of said moneys so collected in the proportion of their respective interests in the vessel; and that the application of the amounts collected to the payment of the separate indebtedness of McLauchlin was a fraud upon the plaintiffs.

The complaint further charged that this application of the amount collected was made in fraud of the rights of the plaintiffs, and by collusion between the defendants, or by the connivance of McLauchlin in the fraudulent action of the Edmistons.

The complaint claimed judgment for an accounting by the Edmistons; that they be charged with the moneys lost by their negligence; and that they pay to the plaintiffs a share of the amount of the insurance moneys proportionate to plaintiffs' interest in the brig.

The defendants Edmiston demurred to this complaint, on the ground, among others, that there was a defect of parties plaintiff, in that all the persons in whose behalf the moneys were alleged to have been received were not parties plaintiff, and no reason given for omitting to make all such parties plaintiff, and because the plaintiffs were improperly joined.

*Young & Ruthven*, for the plaintiffs.

*John Townshend*, for the defendants Edmiston.—I. The complaint shows only for money received, for negligence and for taking notes in settlement of insurance instead of money. Nothing is shown why the plaintiffs cannot recover all they claim by a common-law remedy. The complaint does not show any mutual accounting, or any complication or inability to ascertain the amounts received by defendants Edmiston. (Porter *a.* Spencer, 2 *Johns. Ch.*, 169; *Willard's Eq. Juris.*, 92; Heywood *a.* City of Buffalo, 14 *N. Y.*, 534; *Mitford's Eq. Pl.*, 145 [123], 6 amended ed., 144; Cummings *a.* White, 4 *Blackf.*, 356; S. P., 10 *Yerg.*, 179.) 1. The allegation that plaintiffs are wholly remediless being inconsistent with the facts stated, amounts to nothing. (Jones *a.* Phœnix Bank, 8 *N. Y.*, 228.) 2. Discovery, which was the chief reason for entertaining bills for account, is not now to be had otherwise than as prescribed by the Code and rules of court. The plaintiffs might have

compelled the production of defendants' books to enable them to prepare their complaint (*Code*, § 388; *Supreme Ct. Rule*, 14); or the defendants might have been examined. (*Code*, § 391.)

II. Causes of action for money received, and for negligence, cannot be joined. (Hunter *a.* Powell, 15 *How. Pr.*, 221.)

III. All the owners should have joined as plaintiffs—not on account of any joint-ownership of the vessel or of the money, but because the employment of Edmistons was the joint employment of all the owners. (Hill *a.* Tucker, 1 *Taunt.*, 7.) That McLauchlin had received his portion made no difference. (*Code*, § 119; Jones *a.* Felch, 3 *Bosw.*, 63.) It was so before the Code. (Petrie *a.* Berry, 3 *B. & Cres.*, 353; Anderson *a.* Hillier, 10 *Eng. L. & Eq.*, 495; Hatsall *a.* Griffith, 4 *Tyrw.*, 488; Hills *a.* Gibbs, 5 *Hill*, 56.)   1. The transaction between Edmistons and McLauchlin in no wise affected their joint liability to plaintiffs and McLauchlin. (Evernghim *a.* Ensworth, 7 *Wend.*, 326.) 2. Plaintiffs' whole case rests on the assumption that they are not bound by what took place between Edmistons and McLauchlin, and it is admitted by the demurrer.  3. The transaction between Edmistons and McLauchlin did not confer on McLauchlin any interest adverse to the plaintiffs.  4. If plaintiffs and McLauchlin had sued simply for money received, and defendants had pleaded payment, and then proved a state of facts as alleged in the complaint, their plea would have failed for not showing the assent of the plaintiffs. (Kenneys *a.* Richards, 11 *Barb.*, 312.)

IV. No reason is assigned for not joining McLauchlin as plaintiff. It should be alleged that he refused to join as plaintiff. Such an allegation is traversable. If found for defendant, it defeats plaintiff's action. (Smith *a.* Pincourt, 10 *Eng. L. & Eq.*, 50; *Code*, § 119.) It is like the excuse for *profert*, which was always traversable. (Rees *a.* Overbaugh, 6 *Cow.*, 746.)

V. If the employment was several, and not joint, each owner should have sued separately; either each should sue separately, or all jointly. (Graham *a.* Robertson, 2 *T. R.*, 282; Smith *a.* Hunt, 2 *Chit.*, 142.)

VI. If by reason of what is alleged to have taken place between the defendants in reference to the moneys received by Edmistons, the two owners, plaintiffs, can sue alone for the money received, that reason would not apply to the negligence

in not collecting. As to that cause of action, all the owners should have joined (Hill *a.* Tucker, 1 *Taunt.*, 7); nor could the same reason apply to the cause of action for taking notes instead of money, which is alleged to have been done "without the authority or assent thereto" of plaintiffs or McLauchlin. Thence it follows that two causes of action are improperly united, namely, a cause of action in two owners, with a cause of action in three owners. This cannot be done. (*Code,* § 167; Enos *a.* Thomas, 4 *How. Pr.*, 48.)

LEONARD, J.—The owners of the vessel were parties united in interest, within the meaning of section 119 of the Code, and should join in the prosecution of a demand growing out of such ownership.

The plaintiffs not having taken the requisite steps, under the section above referred to, cannot make one of the part-owners of the vessel a party defendant, and omit to join him as a party plaintiff with themselves.

The excuse stated in the complaint for not uniting McLauchlin (who was a part-owner) as a party plaintiff, and for making him a defendant with John and James Edmiston, was not sufficient, inasmuch as it will constitute no defence to an action brought in the names of all the part-owners against the said John and James, that they have charged the money collected by them against a demand in their favor against one of the part-owners with his consent. (Evernghim *a.* Ensworth, 7 *Wend.*, 326.)

McLauchlin had no interest, in a legal sense, against the other part-owners.

If the Edmistons kept the money on account of their demands against him, or if he converted the shares of the other owners in the money in question, he would be liable therefor to the other part-owners.

If, by his own act, McLauchlin diverted the shares of these plaintiffs in the money in question to the payment of his individual debt to Edmistons, he was liable to the plaintiffs to the same extent. There might be an interest in the question adverse to the plaintiffs; but there was no legal interest of an adverse nature that would make it necessary that McLauchlin should be made a party defendant.

Judgment must, therefore, be rendered for the defendants John and James Edmiston on the demurrer, unless the plaintiffs amend their complaint in twenty days (which they have leave to do), and pay the costs of the demurrer.