# BISHOP *a.* EDMISTON.

*Supreme Court, First District; General Term, Oct.,* 1863.

SHIPPING.—JOINT-OWNERSHIP.—DEFECT OF PARTIES.—PLEADING.

Joint-owners of vessels, not otherwise partners, are in respect to such vessels, tenants in common.

One of joint-owners of a vessel may sue for his share of a demand due such owners, without joining his co-tenant, whose share has already been paid.

Redundant and irrelevant matter, and a demand for unsuitable relief, do not render a pleading a subject of demurrer.*

---

* In DABY *a.* BETTS (*Supreme Court, First District; Special Term, February,* 1862), it was *Held*, that a demurrer for defect of parties is allowable only in case of a deficiency not an excess of parties, and that the court would not assume on such demurrer that there was a deficiency of parties, unless it so appeared on the face of the complaint.

Appeal from an order sustaining a demurrer to the complaint.

This action was brought by John Bishop and David Fitz-patrick to compel the defendants, John and James Edmiston,

---

#### Demurrer to the complaint.

This action was brought by Augustine W. Daby, a judgment-creditor of the "New York & Tennessee Zinc Company," against John S. Betts, James D. Mowry, and Sylvester A. Woodrow, stockholders and trustees of such company, to recover $3,827.14, the amount of a judgment against the company—on a liability under the general law authorizing the formation of corporations for manufacturing, mining, mechanical, and chemical purposes, passed February 17th, 1848. The defendant Betts demurred for want of a cause of action. The other facts sufficiently appear from the opinion.

*Edgar S. Van Winkle*, in support of the demurrer.

*Alfred McIntire*, opposed.—I. If the complaint contains any cause of action whatever, it is good on general demurrer. (People *a.* Mayor, &c., of N. Y., 8 *Abbotts' Pr.*, 7; S. C., 17 *How. Pr.*, 56; Richards *a.* Edick, 17 *Barb.*, 260; Graham *a.* Camman, 5 *Duer*, 697; S. C., 13 *How. Pr.*, 36. See Hillman *a.* Hillman, 14 *Ib.*, 456; Bank of Lowville *a.* Edwards, 11 *Ib.*, 216; 1 *Rev. Stat.*, 4 ed., 1216, 1218, 1219.)

II. Judgment may be rendered in favor of one of several defendants. (*Code*, § 274.)

III. The judgment recovered against the corporation is *prima facie* evidence of a debt against a stockholder, and it is not necessary to allege the circumstances of the original indebtedness. (9 *How. Pr.*, 436; Slee *a.* Bloom, 20 *Johns.*, 669; Moss *a.* McCullough, 7 *Barb.*, 279.)

IV. The statute in relation to incorporations is a public statute, and need not be pleaded specially. (Shaw *a.* Tobias, 3 *N. Y.*, 188.)

CLERKE, J.—It is now settled that the defect of parties, for which the Code allows a demurrer (§ 144, subd. 4), is a deficiency and not an excess of parties.

The demurrer in this case has two aspects: the counsel for the defendants insisting that the plaintiff ought to have sued them separately, or having sued them jointly, that all the stockholders, and not a portion of them, ought to be sued. If he has sued three of them jointly, when he ought to have sued only one of them, this is a redundancy of parties; the objection to which, as we have seen, cannot be taken by demurrer. If he has sued three of them jointly, when he ought to have sued more than three, this, undoubtedly, would be a deficiency of parties, which could be taken advantage of by demurrer. But a demurrer is only appropriate, when the ground of demurrer appears upon the face of the complaint. It does not appear, from the complaint in this case, that there were any stockholders besides the defendants. It states, indeed, that they were the owners of 44,750 shares; but it does not appear that the capital stock consisted of any greater number of shares.

If the complaint is uncertain or indefinite in this or any other respect, the remedy is by motion, and not by demurrer.

The demurrer must be overruled, with costs.

to account for certain insurance moneys collected by them for the plaintiffs and the defendant Charles McLauchlan, being for insurances on a vessel formerly owned by the plaintiffs and McLauchlan, and to pay over to the plaintiffs the amount coming to them respectively, in proportion to their respective interests in the vessel insured. The complaint alleged that McLauchlan was the owner of one-half of said vessel, and the plaintiffs each owned one-quarter thereof. The vessel, which was insured for $6,000, was lost during the continuance of the policy. The defendants Edmiston, were employed as insurance agents, to collect the insurance money from the companies. They collected $2,000 in cash, and also $2,000 by taking notes instead of cash. They also received certain sums from a third insurance company, the amount of which plaintiffs did not know. The Edmistons had separate dealings with McLauchlan, independent of the collection of the insurance, unconnected with the vessel, or the accounts thereof; and in such separate dealings said McLauchlan became largely indebted to the defendants Edmiston, and when the collections were made by them, they carried the amount of the collections to the separate account of McLauchlan, and placed the same to his credit in his said separate account, without the knowledge or assent of the plaintiffs, or either of them, and in fraud of their rights in the premises; and McLauchlan, by collusion with said defendants Edmiston, permitted the same to be carried or placed to his own separate credit, in fraud of the rights of the plaintiffs. McLauchlan then was non-resident and insolvent, and the plaintiffs, as they alleged, were wholly remediless except by the aid of the court, whereby the defendants Edmiston, may be compelled to account for the moneys received by them, and pay over to the plaintiffs the proportions to which they were respectively entitled.

The defendants Edmiston, demurred to the complaint for grounds which sufficiently appear from the argument: the demurrer was sustained (13 *Ante*, 346), and the plaintiffs appealed.

*Young & Ruthven*, for the appellants.—I. The part-owners of the vessel were tenants in common, and their respective interests in the subject-matter were so far distinct and separate, that each could treat with the defendants Edmiston, in respect

to his own share; or, having received his own share of the amount collected, would then have no further claim upon the defendants Edmiston. Where one tenant in common has received his share, or released his interest, he is not a necessary party plaintiff. (*Abbott on Shipping*, 114, 115; Sedworth *a.* Overend, 7 *Term R.*, 279; Stanley *a.* Ayles, 3 *Keble*, 444.) The reason of the rule that all the tenants in common should join, is, that the defendant may not be harassed with a multiplicity of suits. This reason ceases where the other part-owners or tenants in common have been paid, or have released their share. (Dean *a.* Chamberlain, 6 *Duer*, 691.) In Everinghim *a.* Ensworth (7 *Wend.*, 326), the persons in whose names it was held the action should have been brought were partners.

II. As to parties, the sufficiency of a pleading is now to be determined by the Code, and but little light can be obtained upon this from the former rules of pleading. (Loomis *a.* Brown, 16 *Barb.*, 325, 330.) By the Code, a simple rule is laid down for determining who are to be parties plaintiff—viz., those who are interested in the subject of the action; and, in obtaining the relief demanded, may be joined as plaintiffs. (*Code,* § 117; Loomis *a.* Brown, 16 *Barb.*, 330; see Conro *a.* Port Henry Iron Co., 12 *Ib.*, 58.) McLauchlan had no interest in obtaining the relief demanded.

III. McLauchlan was a proper party defendant under section 118 of the Code. 1. As having or claiming an interest adverse to the plaintiffs, viz., in maintaining the arrangement whereby the whole amount had been placed to his credit. 2. As being a necessary party in order to a complete determination or settlement of the questions involved. 3. He was also properly a party defendant, as he colluded with the Edmistons to defraud the plaintiffs. 4. Being united in interest within the meaning of section 119 of the Code, means a joint interest like that of parties which cannot be separated, and does not extend to those cases where the interests are distinct and may be separated. 5. It is only in cases where the party has such an interest as would make him a necessary party plaintiff; that it is necessary to show the reason why he is not made such party, before making him a party defendant. But if this case came within the purview of section 119, it sufficiently appears from the complaint why he was not made a party plaintiff.

*John Townshend*, for the respondents.—I. The complaint, at most, shows only causes of action, 1, for money received; 2, for negligence; and·3, for taking notes in settlement instead of money. Nothing is shown by which plaintiffs cannot recover all they claim by a common-law remedy. The complaint does not show any mutual accounting, or any complication of the accounts, or inability to ascertain the amounts received by defendants Edmiston. (Porter *a.* Spencer, 4 *Johns. Ch.*, 169; *Willard's Eq. Jur.*, 92; Haywood *a.* City of Buffalo, 14 *N. Y.*, 537; *Mitford's Eq. Pl.*, 145 [123], 6 Am. ed., 144; Cummings *a.* White, 4 *Blackf.*, 356; S. P., 10 *Yerg.*, 179.) The allegation that plaintiffs are wholly remediless, being inconsistent with the facts stated, amounts to nothing. (Jones *a.* Phœnix Bank, 8 *N. Y.*, 235.) Discovery, which was the chief reason for entertaining bills for account, is not now to be had otherwise than as prescribed by the Code and rules. The plaintiffs' might have compelled production of defendants' books, to enable them to prepare their complaint. (*Code*, § 388; *Rule* 14.) Or the defendants might have been examined. (*Code*, § 391.)

II. Causes of action for money received, and for negligence, cannot be joined. (Hunter *a.* Powell, 15 *How. Pr.*, 221.)

III. All the owners should have joined as plaintiffs, not on account of any joint-ownership of the vessel, or of the money, but because the employment of the Edmistons was the joint employment of all the owners. (Hill *a.* Tucker, 1 *Taunt.*, 7.) That McLauchlan had received his portion, made no difference. (*Code*, § 119; Jones *a.* Felch, 3 *Bosw.*, 66.) It was so before the Code. (Petrie *a.* Berry, 3 *B. & C.*, 353; Anderson *a.* Hillies, 10 *Eng. L. & Eq.*, 495; Hatsall *a.* Griffith, 4 *Tyrw.*, 488; Hill *a.* Gibbs, 5 *Hill*, 56.) The transaction between the Edmistons and McLauchlan, as stated in the complaint, in no wise affected their joint liability to plaintiffs and McLauchlan. (Everinghim *a.* Ensworth, 7 *Wend.*, 326.) If plaintiffs and McLauchlan had sued simply for money received, and defendants had pleaded payment, and then proved a state of facts as alleged in the complaint, their plea would have failed for not showing the assent of the plaintiffs. (Kinneys *a.* Richards, 11 *Barb.*, 312.)

IV. No reason is assigned for not joining McLauchlan as plaintiff. It should be alleged that he refused to join as plain-

tiff,—such an allegation is traversable. If found for defendant, it defeats plaintiffs' action. (Smith *a*. Pincomb, 10 *Eng. L. & Eq.*, 50.) It is like the excuse for profert, which was always traversable. (Rees *a*. Overbaugh, 6 *Cow.*, 748.)

V. If the employment was several, and not joint, each owner should have sued separately. Either each should sue separately, or all jointly. (Graham *a*. Robertson, 2 *T. R.*, 282; Smith *a*. Hunt, 2 *Chit.*, 142.)

VI. If the two owners can sue alone for the money received, they cannot for the negligence in not collecting (Hill *a*. Tucker, 1 *Taunt.*, 7); nor for taking notes instead of money, without the authority or assent of plaintiffs or McLauchlan. Thence it follows that two causes of action are improperly united, viz., a cause of action in two owners with a cause of action in three owners. This cannot be done. (*Code*, § 167; Enos *a*. Thomas, 4 *How. Pr.*, 48.)

By THE COURT.—SUTHERLAND, P. J.—The case made by the complaint is this. The plaintiffs and the defendant McLauchlan owned a vessel. She was insured for $6,000,—for $2,000 in three different insurance companies. She was lost at sea. The owners employed the defendants, the Edmistons, to collect the insurance moneys. They received $2,000 in cash of one of the companies; settled with another, and took its notes, without the authority or assent of the owners, which notes they might have collected; the third company was insolvent, but had large assets, which went into the hands of a receiver, but the plaintiffs are ignorant what amount the Edmistons had received of the receiver. The Edmistons knowing that the plaintiffs were entitled to one-half of the moneys collected, applied them to the payment of an individual debt of the defendant McLauchlan, by giving him credit with his assent on an account they had against him.

The complaint asks for an account of the moneys which the Edmistons had received, and which they ought to have received or collected, and that they be adjudged to pay over to the plaintiffs their shares of the fund.

The Edmistons demurred to the complaint, upon the grounds, among others, that there was a defect of parties-plaintiff, and that several causes of action were improperly united. The

justice at special term ordered judgment for the defendants, the Edmistons, on the demurrer, on the ground that the defendant McLauchlan should have been united with the plaintiffs as a party-plaintiff.

This appeal is from the order at special term. It is quite clear that the order was erroneous, and should be reversed.

Although a vessel, like any other chattel, may be held in partnership, and constitute a part of the stock of the firm, yet the plaintiffs and McLauchlan were not partners, and did not own the vessel as partners. They were tenants in common, and part-owners; not partnership owners of the vessel, and of the insurance fund. (1 *Parson's Maritime Law*, 82; Munford *a.* Nicoll, 20 *Johns.*, 611.)

Although the Edmistons were employed by all the owners to collect the moneys, yet they had a right to pay each his share, and perhaps they would have had a right to pay over all the moneys collected to either of the part-owners; but it is not necessary to examine or decide that question in this case, for they had not actually paid over any portion of the moneys to either of the part-owners.

If the Edmistons had actually paid over to McLauchlan all the moneys collected, the plaintiffs might have had a remedy against him for their shares; but, on the facts stated in the complaint, I do not think that they had a remedy against him alone.

McLauchlan, however, could not repudiate the arrangement between him and the Edmistons, by which he received credit not only for his own share, but for the plaintiffs' shares. As to him the credit was payment of his share, and he would not be permitted to say otherwise. Having then received payment of his share, and having no right to the plaintiffs' shares, why should he have been made a party plaintiff? I can see no reason for so holding.

In the case of Everinghim *a.* Ensworth (7 *Wend.*, 326), cited in the opinion at special term, the plaintiffs were partners; and the case merely decides that a debt due to a firm cannot be discharged by one of the partners applying it in payment of his individual debt to the debtor of the firm, without the knowledge or approbation of the other partners.

As to the ground of demurrer, that several causes of action

were improperly united; the complaint may contain irrelevant and redundant matter, but it is plain to me that it cannot properly be said to contain more than one cause of action.

The plaintiffs may ask for relief that they are not entitled to; they may not be entitled to recover any thing more than their shares of the moneys actually received by the Edmistons, and credited by them to McLauchlan. But conceding this, would not affect the question of there being more than one cause of action in the complaint.

The order appealed from should be reversed, with costs.

CLERKE and BARNARD, JJ., concurred.

---

# THE PEOPLE *on rel.* COOK *a.* THE BOARD OF POLICE.

*Supreme Court, First District; General Term, Dec.,* 1863.

REPEAL OF STATUTE.—METROPOLITAN POLICE ACT.—SUMMARY
CONVICTION.—CERTIORARI.—RETURN.

The repeal of a statute or regulation creating an offence, before the trial for such offence, is a bar to a conviction.

This rule applied to a summary conviction by the Board of Police, in the Metropolitan Police District, of a policeman for neglect of duty, under a statute making absence without leave penal, the conviction being upon evidence showing absence with leave.

*It seems,* that to a writ of certiorari, in cases of summary conviction, the whole evidence which applies to the charge must be set out, that the court may judge whether sufficient proof appears on the face of it to sustain every material allegation, and to justify the adjudication. (Per BARNARD, J.)

Certiorari to review a summary conviction under the Metropolitan Police Act.

Stephen L. Cook, the relator, in 1861 was charged by acting Captain Blakelock with neglect of duty, viz., absence without leave.