(47 App. Div. 237.)

### HERLEHY v. FERGUSON.

(Supreme Court, Appellate Division, Fourth Department. January 30, 1900.)

1. PARTNERSHIP—INDIVIDUAL LIABILITIES.
> It is not within the scope of the business of a firm for one partner to obtain individual credit in settlement of an indebtedness owing to his firm, and those dealing with him are bound to take notice that such a transaction is outside of the partnership business.

2. SAME—USAGE OR COURSE OF BUSINESS.
> An agreement by one partner with a third person that the firm would take groceries in trade for all furniture sold to such person by it, pursuant to which the firm sold furniture to him, and he delivered groceries at the residence of such partner on his order, was binding on the firm, where it was its custom "to trade out firm accounts."

3. SAME—SALE—JUDGMENT.
> Where there was a valid agreement that plaintiff's firm would take defendant's goods in trade for all goods sold to him, it was error to render a money judgment against him, in the absence of evidence of refusal on his part to deliver his goods according to the agreement.

Appeal from Herkimer county court.

Action by Daniel F. Herlehy against Thomas D. Ferguson. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

C. J. Palmer, for appellant.

Myron G. Bronner, for respondent.

LAUGHLIN, J. The plaintiff and one Tozer were partners in the furniture and undertaking business at Little Falls, and the defendant was a retail grocer in the same place. On the 5th day of May, 1893, the defendant's wife negotiated with the firm for the purchase of a combination bookcase for $32.50. The next day said Tozer called upon the defendant, and asked if his wife had yet decided to take the bookcase, and urged him to purchase more furniture, and, as an inducement thereto, agreed that the firm would take groceries in trade for all furniture the defendant might purchase of them, and that the defendant need not pay cash therefor. Pursuant to this agreement, the defendant purchased the bookcase, and thereafter, and prior to the 4th day of December, 1894, purchased of said firm other furniture of the value of $56.22. Between the 12th day of June and the 12th day of December, 1893, the defendant delivered

at the residence of Tozer, on the latter's order, groceries of the value of $68.28, and charged the same to the firm. On September 21, 1897, said firm dissolved, and Tozer assigned all his interest in the business to the plaintiff. The plaintiff presented a bill to the defendant the latter part of January, 1898, and demanded payment in cash for all the furniture so purchased. The defendant then informed plaintiff of the agreement, and of such delivery of goods on the order of Tozer, and offered to deliver to the plaintiff groceries for the balance of the account. The plaintiff denied knowledge of the agreement to take goods in trade for the furniture, or authority on the part of Tozer to make the same, and declined defendant's said offer. The plaintiff presented to the justice a verified complaint, demanding a money judgment for the entire furniture account; and the defendant interposed a verified answer, setting up the agreement as claimed by him, and alleging payment in groceries to the extent of $68.28, and his willingness to pay the balance of the account in like manner.

The undisputed evidence shows that the furniture was purchased upon the agreement of Tozer that the account would be traded out in groceries by the firm. Tozer testified that he communicated the substance of the agreement to the plaintiff, but this the plaintiff denied. The plaintiff testified that he never authorized Tozer to make such an agreement with the defendant or with any one else. Tozer further testified that it was the custom of the co-partnership to trade out firm accounts. The plaintiff was asked on cross-examination if such was not the custom, and on the objection of his counsel the evidence was excluded. Thus, it appears that the testimony of Tozer, which was the only testimony on this subject, stands undisputed. The defendant would not be entitled to credit on the firm account for the groceries so delivered to Tozer, without showing affirmatively that Tozer was authorized by the course of business of the firm, or otherwise, to receive the groceries that were delivered to him by the defendant, or that his act in so doing had been ratified. It is not apparently or really within the scope of the business of a co-partnership for one partner to obtain individual credit in settlement of an indebtedness owing to his firm, and those dealing with him are bound to take notice that such a transaction is outside of the partnership business. Bank v. Underhill, 102 N. Y. 336, 7 N. E. 293; Evernghim v. Ensworth, 7 Wend. 326; Waite, Act. & Def. 131. Whether Tozer, by virtue of his general agency as a member of the firm, was authorized to sell its furniture on an agreement that groceries would be accepted in payment by the firm, need not now be determined, since, as has been seen, this was the custom of the firm, and consequently the agreement to that effect made by one member of the firm was binding upon the co-partnership. Graser v. Stellwagen, 25 N. Y. 315; Bank v. Underhill, 102 N. Y. 336–340, 7 N. E. 293; 17 Am. & Eng. Enc. Law, 1014, 1015; Bank v. Dickinson (Ala.) 18 South. 144.

There was no evidence of demand by the plaintiff upon the defendant, or of refusal on the part of the latter to deliver groceries according to the agreement under which the furniture was sold. It

necessarily follows that the plaintiff was not entitled to recover a money judgment.

The judgment of the county court and that of the justice of the peace should be reversed, with costs to the appellant. So ordered. All concur.