LAUREN P. HILLIARD, appellant, vs. ALMOND WALKER, appellee.

*Appeal from Cook County Court of Common Pleas.*

Joint indebtedness cannot be set off against a separate demand; only such demands can be set off as are mutual between the parties to the suit.

This was an action of assumpsit, tried in the Cook County Court of Common Pleas, wherein Almond Walker, the appellee, was plaintiff, and a judgment rendered for $1,814 80, Spring, Judge, presiding. Before the trial, the defendant below, and appellant in this Court, moved for a continuance of the cause, upon his affidavit, setting forth that E. E. Griggs and two others were important witnesses for his defence, and that they were absent, &c., and that he expected to prove by them the collec-tion by said Almond Walker and one Charles Walker, who were copartners, of several sums of money, on his account, which were used and appropriated by said firm of C. & A. Walker, two-thirds of which money collected belonged to the defendant be-

low.   This application for a continuance was refused.   This is the principal error assigned by the appellant.

B. S. MORRIS, for appellant.

ARNOLD & LAY and LARNED & BENTLEY, for appellee.

Opinion by TREAT, C. J.:

The application for a continuance was properly denied.   The facts sought to be proved by the absent witnesses would not have benefited the defendant.   The evidence would only have showed that the firm of C. & A. Walker, of which firm the plaintiff was a member, was indebted to the defendant.   That joint indebtedness could not be set off against a separate demand due to one of the partners.   Demands cannot be set off, unless they are mutual, and between the parties to the action.   Burgwin *vs.* Babcock, *ante*, 28.

The record fails to show that the defendant excepted to the giving of the instructions complained of.   No question, therefore, arises as to their correctness.

The motion for a new trial was properly refused.   The finding of the jury was clearly authorized by the evidence.   The plaintiff read in evidence two promissory notes, the principal and interest of which, at the time of the trial, amounted to about $2,283.   There was a credit on one of the notes of $101 95; and the defendant proved that the plaintiff had assumed the payment to him of $270 or $300, for goods furnished to a third person.   The verdict was for $1,814 80.

The judgment will be affirmed, with costs.

*Judgment affirmed.*