# HARVEY McNAIR *et al.* for the use of CHAUNCEY H. WHITE.

## *v.*

## NANCY PLATT.

46  211
31a 262
46  211
73a 217

46    211
d113a 655

1.   PARTNERSHIP—*power of partners to bind the firm.*   Where a member of a co-partnership is indebted to a person owing the firm, he cannot apply the indebtedness to the firm for the purpose of canceling his indebtedness, nor can he apply the fund or property of the firm for such purpose without the assent of his co-partner, or at least his subsequent ratification.

2.   SAME—*how far partner is bound by the unauthorized act of his co-partner.* As a general rule, one partner is not bound by the unauthorized acts of his co-partner.   But from the very nature of a partnership, each member of the firm is presumed, and has authority, to bind the firm within the scope of the business of the copartnership.

·3.   Beyond the scope of the partnership business, the authority of one partner to act, must be shown, precisely as if any other person had performed the act, or the firm will not be bound.

4.   The application of partnership funds or property, to the payment of an individual debt of one of the members of the firm is outside of the scope of its business, and assent or ratification of the other partner must be shown, or the firm will not be bound.

5.   INSTRUCTIONS. Instructions containing mere abstract legal propositions, without any evidence to support them, are calculated to mislead the jury, and should not be given.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. I. G. WILSON, Judge, presiding.

The facts appear in the opinion.

Mr. R. N. BOTSFORD, for the plaintiffs in error.

Messrs. MAYBORNE & BROWN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Harvey Mc-Nair and Charles H. Acres, for the use of Chauncey H. White, in the Kane Circuit Court, against Nancy Platt. The declaration contained only the common counts, and a recovery was sought for goods, wares and merchandize, sold and delivered. The plea of the general issue was filed, and a stipulation, that defendant might rely upon any legal defence she might have, as though the same had been properly pleaded. At the May term, 1867, the cause was tried by the court and a jury, which resulted in a verdict in favor of defendant. A motion for a new trial was entered, and was overruled by the court, and a judgment rendered upon the verdict, and the cause is brought to this court by plaintiffs to reverse the judgment.

It appeared that McNair was in business and selling goods alone before the partnership was formed with Acres; that he was indebted to defendant in error, and it was agreed between them, that she was to purchase of him such goods as she desired, and their value was to be applied on that indebtedness. Under this arrangement, she, from time to time, purchased goods of him, and they were charged to her account. After McNair and Acres entered into partnership, she still continued to purchase goods, and they were charged to her as before. Subsequently, the firm failed in business, and made an assignment to White for the benefit of their creditors. He brings this suit to recover the value of the goods purchased by defendant of the firm. She insists that they were purchased with the agreement that they were to be credited on the notes which she held against McNair, as those previously obtained had been. She sought to set off so much of her claim on McNair as was equal to the price of the goods thus obtained.

The evidence shows that McNair made such an arrangement with defendant in error. Evidence was introduced for the purpose of proving that Acres also knew that the goods

were to be so applied, and that it was so intended by the parties. The jury, in their finding, allowed the value of the goods as a payment on the note, and returned a verdict in favor of defendant in error.

The rule is firmly established, and will not be controverted, that, where a member of a copartnership is indebted to a person owing the firm, he cannot apply the indebtedness to the firm for the purpose of canceling his indebtedness, nor can he apply the funds or property of the firm for such purpose, without the assent of his co-partner, or, at least, his subsequent ratification. As a general rule, one partner is not bound by the unauthorized acts of his co-partner; but from the very nature of a partnership, each member of the firm is presumed to have, and has, authority to bind the firm within the scope of the business of the co-partnership. Beyond the scope of its business, authority to act must be shown, precisely as if any other person had performed the act, or the firm will not be bound. The application of partnership funds or property to the payment of a debt of one member of the partnership, is outside of and beyond the scope of its business, and assent to such application must be shown, or a subsequent ratification proved, or the firm will not be bound. *Brewster* v. *Mott*, 4 Scam. 378, and in the case of *Hilliard* v. *Walker*, 11 Ill. 644, the same rule is announced.

The separate debt of McNair cannot, then, be paid with partnership funds without the assent of Acres, the other partner. Such assent was the subject of proof, like any other fact, and might be shown by the same character of evidence. And this, like other questions of fact, was for the determination of the jury, from the evidence, and proper instructions from the court. Plaintiff in error insists that the court below mis-directed the jury, and thereby prejudiced his case. By the second instruction given for the defendant in error, the jury were told that, if they believed from the evidence, that plaintiffs notified defendant that she could not thereafter trade

with them, and apply the same on the notes held against McNair, that such fact would be evidence tending to show that all goods previously purchased by defendant were to be applied on the individual debt of McNair. This instruction is erroneous, because it does not inform the jury that it was necessary that Acres should have been informed of the arrangement under which the goods were purchased. If he had been informed at the time such notice was given, and immediately notified her that further purchases could not be applied on McNair's notes, it would not follow, as a legal conclusion, that it proved that the goods previously obtained were intended by him to apply on McNair's notes. That would have been a question for the jury. Again, we fail to find any evidence, in this record, that such a notice was given. Instructions, containing mere abstract legal propositions, without any evidence to support them, are calculated to mislead the jury, and should not be given. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*