THOMAS, ASSIGNEE, v. STETSON.

1. **Partnership**: PAYMENT OF PARTNER'S DEBTS WITH FIRM PROPERTY. Where a member of a co-partnership is indebted to a person owing the firm, he cannot apply the indebtedness to the firm for the purpose of canceling his personal indebtedness to the firm's debtor, without the consent of his co-partner, or his subsequent ratification; and such adjustment will not avail the debtor to the firm as a defense in an action by the assignee of the firm to recover the amount of the indebtedness. See authorities collated by ADAMS, J.

*Appeal from Buena Vista District Court.*

FRIDAY, DECEMBER 14.

ACTION upon an account for goods sold and delivered. The defendant for answer averred certain facts as constituting payment. The plaintiff demurred to the answer upon the ground that the facts averred did not constitute payment. The court sustained the demurrer, and the defendant electing to stand upon his answer, judgment was rendered for the plaintiff. The defendant appeals.

*Gregory & Bailie*, for appellant.

*Lot Thomas*, for himself.

ADAMS, J.—The facts as shown by the answer are, that the goods in question were purchased by the defendant of one J. F. Doty & Co., the plaintiff's assignor; that this firm consisted of J. F. Doty and James R. Day, and was engaged in selling lumber and coal at Storm Lake; that Doty resided at Storm Lake, and was the active member of the firm, and had the entire and exclusive management and control of the business; that Day resided in Dubuque; that the sale by J. F. Doty & Co. to the defendant of the goods in question was made through Doty as a member of the firm; that the defendant was a merchant at Storm Lake, engaged in a different line of trade, and sold goods in his line on credit to Doty for his

individual use, and afterward Doty and the defendant made a settlement, whereby it was agreed that the indebtedness due to J. F. Doty & Co. from the defendant should be deemed paid by the release of the indebtedness due from J. F. Doty individually to the defendant. This alleged settlement constitutes the payment upon which the defendant relies. For the purpose of showing that J. F. Doty had authority to accept in payment of indebtedness due his firm the release of certain indebtedness due individually from himself, the defendants made certain averments, which are, in substance, that for two years or more he had bought goods on credit of J. F. Doty & Co., and had sold goods on credit to J. F. Doty for his individual use, and that he and Doty had afterwards applied one account against the other, and J. F. Doty had charged himself accordingly on the firm books of J. F. Doty & Co., and that Day did not object thereto. He further averred, in substance, that it was the uniform practice and usage of the firm of Doty & Co. at all times to receive accounts against Doty individually in payment of their partnership demands, which was well known throughout the community, so that this defendant knew such to be their uniform practice prior to the time that he dealt with the firm, and that, in dealing with it and making settlements with Doty as set out, he relied upon such practice.

These are, in substance, the averments upon which the defendant relies as showing payment, but in our opinion they do not have that effect. A partner has authority to bind the firm in all matters pertaining to the partnership business. But it is not properly partnership business to release indebtedness due to it, in consideration of the release of indebtedness due to its debtor from one of its members. The precise question arose in *McNair v. Platt*, 46 Ill., 211. In that case the court said: "The rule is firmly established, and not to be controverted, that, where a member of a copartnership is indebted to a person owing the firm, he cannot apply the indebtedness due to the firm for the purpose of canceling his

indebtedness, nor can he apply the funds or property of the firm for such purpose without the consent of his copartner, or at least his subsequent ratification." Citing *Brewster v. Mott*, 4 Scam., 378, and *Hilliard v. Walker*, 11 Ill., 644. See also 1 Dev. & Bat. Eq., 284; *Weed v. Richardson*, 2 Dev. & Bat. Law, 535; *Pierce v. Pass*, 1 Port., (Ala.,) 232; *Caldwell v. Scott*, 54 N. H., 414; *Todd v. Lorah*, 75 Pa. St., 155; *Everingham v. Ensworth*, 7 Wend., 326; *Dob v. Halsey*, 16 Johns., 34; *Viles v. Bangs*, 36 Wis., 135. Possibly it may be thought that a different rule is held in *Stokes v. Stevens*, 40 Cal., 391. We are inclined to think that that case is distinguishable from the one at bar; but, whether it is so or not, we have to say that it appears to us that the ruling of the court below is sustained by a great preponderance of authority. It may be that, if the release of the firm account against the defendant, for a consideration moving to Doty, was previously authorized or subsequently assented to by Day, the other member of the firm, the transaction should be deemed to be that of the firm, and valid, if made in good faith, even as against its creditors. The defendant insists that he pleaded such authorization. But it appears to us that what he relies upon as averments of authorization are at most only averments of facts proper to be proven as evidence tending to show authorization. He avers that previously settlements of a similar kind had been made between him and Doty, and entered upon the firm books, and that Day did not object. But this would not be even a circumstance against the defendant, unless Day knew what the books contained, or otherwise had knowledge of what had been done. The defendent further avers that it was the uniform practice of the firm to receive accounts against Doty in payment of accounts due the firm, which fact was known to the defendant and relied upon by him when he sold on credit to Doty. But this averment by the defendant must be taken in connection with another, and that is, that Doty "had the entire and exclusive management and control of the business of the firm." The

firm, then, did no business except what Doty did, and had no practice except what grew out of Doty's acts. Besides, the "practice" upon which he says he relied would, as already said, if it had been the practice of the firm, only be a circumstance to be shown in evidence for what it was worth. The defendant should have expressly averred authorization, if he relied upon any authorization as distinct from that implied from the fact of partnership.

He insists that it is a great hardship if his settlement with Doty cannot be sustained. But he knew, or should have known, that his transaction with Doty was not within the scope of the firm business, and, unless sanctioned by Day, was a misappropriation by Doty of firm assets. When a person enters into such a transaction with a member of a copartnership, it appears to us that we are justified in saying that it is his duty to see whether or not what appears to be a wrong on its face is so in fact. We think that the demurrer to the defendant's answer was properly sustained.

AFFFIRMED.