## JACKSON and another vs. BOHRMAN.

*January 12 — January 29, 1884.*

*Contracts: Attorney and client: Partnership.*

T., who had been a member of the law firm of F., T. & C., withdrew therefrom and became a member of the firm of J. & T. Subsequently B., desiring to bring an action, applied to F., who drew the summons and signed it with the name of the former firm of F., T. & C. Having learned of the dissolution of that firm and that T.'s name had been used without authority, B. specially retained T. to assist in the prosecution of the action. A bill for the services of F. & C. was presented to B., and also a bill for the services of T. He paid the former but refused to pay the latter. In an action by J. & T. to recover the value of the services of T., *held* that B. was liable therefor, and that the action was properly brought by J. & T. as partners.

APPEAL from the Circuit Court for *Green Lake* County. The case is thus stated by Mr. Justice CASSODAY:

"August 4, 1880, and for a year prior thereto, the plaintiff *Thompson* was engaged in the practice of the law, as a member of the firm of Fish, Thompson & Comstock, located and doing business at Princeton, Wisconsin, and as such had

tried most of their cases.   August 4, 1880, that firm dissolved by the withdrawal of *Thompson,* who thereupon became a member of the law firm of *Jackson & Thompson,* at Oshkosh, Wisconsin.   December 4, 1880, the defendant, desiring to bring an action for divorce, applied to Mr. Fish, at Princeton, who drew the summons and complaint and signed them in the old firm name.   Subsequently, *Thompson* was retained by the defendant to aid in the prosecution and trial of the divorce suit; and this action was commenced February 14, 1882, for his services so rendered.   The defense was, in effect, that *Thompson* was still a member of the firm of Fish, Thompson & Comstock at the time the divorce suit was commenced, and that the defendant, on or about February 1, 1882, settled and paid that firm in full for all services rendered by them or any of them in that suit.

" By consent of parties the cause was referred to a referee to hear, try, and determine.   September 29, 1882, the referee reported in favor of the plaintiffs upon all the issues, and that they were entitled to recover $201.50, with their costs and disbursements.   Exceptions were filed to the report, and the respective parties moved to modify the same in the circuit court, but on November 13, 1882, the exceptions were all overruled, and the report in all things confirmed, and judgment ordered for the plaintiffs accordingly."

The defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *E. L. Runals,* and for the respondents on that of *Jackson & Thompson.*

CASSODAY, J.   The findings of the referee seem to be supported by the evidence.   The old firm having been dissolved before the defendant spoke to Fish about the divorce suit, the latter had no right or authority to use *Thompson's* name in commencing that suit without his knowledge or consent. Prior to the rendition of the services in question the defend-

ant had notice that *Thompson's* name had been used without his authority and after the old firm had been dissolved. He was also informed by *Thompson*, in effect, that he would not aid him in prosecuting and trying that suit, unless he was specially retained and paid for his services. Thereupon, *Thompson* was retained by the defendant and performed the services in question at his special instance and request. The defendant declined to offer any testimony. There is no evidence that the services in question were ever settled or paid for to any one by the defendant or in his behalf. On the contrary, it appears from the evidence that Fish & Comstock presented to the defendant a bill for their services and disbursements, and at the same time a separate bill for *Thompson's* services and disbursements. The former he paid, but the latter he declined to pay. No bill for services or anything in favor of the old firm seems to have been presented, much less settled or paid. Had it appeared that the defendant had paid Fish or Comstock for the entire services, including those rendered by *Thompson*, then the question urged by counsel would have been presented. Whether, even then, the defendant could have escaped liability, without showing affirmatively that he had applied to Fish in ignorance of the dissolution, and supposed that he had retained the old firm, and further that he had made such payment to Fish or Comstock in ignorance of the dissolution, may be doubted. *Pratt v. Page*, 32 Vt., 13. But, for the lack of evidence, the question is not here for consideration, and hence no opinion is intimated upon it. Such being the facts there can be no doubt as to the defendant's liability.

The contract for the services was with *Thompson* alone, but he was at the time in partnership with *Jackson*, and hence the action was properly brought by them as such partners. *Warner v. Griswold*, 8 Wend., 665. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.