## DAVID H. HARTS AND FRANK FRORER

### v.

## PATRICK BYRNE.

*Negotiable Instruments—Note—Partnership—Payment of Private Debt out of Partnership Funds—Collusion—Burden of Proof—Delay in Discovery of Misappropriation—Consent—Evidence.*

1. A partner has no right to use partnership funds to pay a private indebtedness.

2. Where partnership funds have been so applied it is not necessary to show that the creditor knew such payment was a misapplication of such funds; the nature of the act should put him on inquiry, and the burden of proof is on him to repel every presumption of negligence on his part and of collusion or fraud, in the absence of other evidence to repel such presumption.

3. The fact that the creditor released his claim upon property securing the debt so paid, does not vary the general rule.

Harts v. Byrne.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Logan County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. ROBERT HUMPHREY, for appellant.

If any partner pays his individual debt with the firm funds or property, the act is void as against the firm, and the property or money may be recovered back. Knowledge on the part of the separate creditor that he is being paid with partnership funds or property, is not material. Rogers v. Batchelor, 12 Peters, 221; Dob v. Halsey, 16 Johns. 34; Thomas v. Pennrick, 28 Ohio St. 55; Brewster v. Mott, 4 Scam. 378; McNair v. Platt, 46 Ill. 211; Cosey et al. v. Carver et al., 42 Ill. 225.

The firm has a right to sue and recover back the amount paid by the check. Thomas v. Pennrick, 28 Ohio State, 55.

Then, the note having been given for money due from the firm of Harts & Cochran to Byrne, any money due the firm from Byrne might be set off on the suit by Byrne on the note under the plea of set-off. Himrod et al. v. Thomas Baugh, 85 Ill. 435; Hayes v. Cooper, 14 Ill. App. 490, and cases there cited.

Messrs. BLINN & HOBLIT, for appellee.

WALL, P. J. This was an action upon a promissory note given by Harts, with Rorer as his surety, to Byrne, in settlement of a demand held by the latter against the late firm of Harts & Cochran, attorneys at law.

That firm had made sundry collections for Byrne which, through the negligence or misconduct of Cochran, had not been accounted for. After the firm had dissolved Harts settled with Byrne, and as the amount of this note appeared to be owing from the firm, it was given.

Afterward Harts discovered that some years before Cochran had given Byrne a check in the name of the firm for $156, in payment of his (Cochran's) individual indebtedness to Byrne, and that the check was paid out of the money of

the firm, and he now insists that the note sued on was too large by that sum, and the interest thereon; in other words, that the firm of Harts & Cochran owed Byrne that much less, and to that extent the consideration of the note failed.

The case was tried by the court, a jury being waived, and the defense thus made by Harts was disallowed.

The propriety of such ruling is the only question now presented.

The law is well settled that a partner has no right to use the partnership funds to pay his private debt. It is not necessary for the firm to prove that the separate creditor knew at the time it was a misapplication of the fund, for the very nature of the transaction ought to put him on inquiry, and however *bona fide* his conduct may be, it is a case of negligence on his part, and the burden of proof is on him to repel every presumption of fraud, collusion or negligence as against him, unless the circumstances already in proof on the other side repel such presumption. Story on Partnership, Sec. 133; Brewster v. Mott, 4 Scam. 378; McNair v. Platt, 46 Ill. 211.

Appellee does not controvert this rule of law, but urges that upon the evidence it appears the appellant consented to the appropriation of the partnership funds for such purposes in other instances, and that there was an implied if not express authority to do so in this instance. There is certainly no proof of any express consent to the drawing of this check, or even any knowledge that it was drawn, and though appellant testified that frequently the partnership funds were drawn upon by mutual consent in payment of the private debts of the partners, yet he says it was never understood it might be done in general, but only by special agreement in each case. It appears, however, that the appellee did not know of those instances, and had no reason to presume there was any general authority or uniform course of dealings between the partners that would warrant such use of the partnership funds.

It is true the appellee, when he received this check, released the security which he then held of a chattel mort-

gage upon a piano belonging to Cochran, but it is not shown
that the long delay of appellant in ascertaining the mis-
appropriation of the money had prejudiced the appellee, since
Cochran was all the while insolvent.

We find nothing in the proof to take the case out of the
general rule, or to work an estoppel against appellant to
assert the fact.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*