## JANNEY v. SPRINGER & WILLARD *et al.*

Partnership: PAYMENT OF PARTNER'S INDIVIDUAL DEBT WITH FIRM PROPERTY: RECOVERY BY FIRM: DEFENSES. An agreement between a member of a firm and his individual creditor, whereby the latter takes firm property in payment of the former's individual debt to him, is void as against the firm, unless the other member consents thereto, or afterwards ratifies it; and such transaction is no defense in an action by the firm against the creditor for the value of the property. (Compare *Thomas v. Stetson*, 62 Iowa, 537.) And where the partnership had been in existence for three years, and there was no effort to conceal it, it was immaterial that no firm sign was displayed at its place of business, and that the creditor did not know of the existence of the firm.

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FILED, OCTOBER 23, 1889.

THIS is an action at law to recover upon an account for ground feed sold to the defendants. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

*Liston McMillen*, for appellants.

*Bolton & McCoy*, for appellee.

ROTHROCK, J.—It appears from the evidence that at the time the account accrued A. A. Paine & Co., a partnership, were the keepers of a feed store, and that the individual members of the partnership were A. A. Paine and J. M. Janney, plaintiff in this action. W. W. Springer and C. F. Willard were at the same time engaged in the business of importing and selling high-bred horses from France under the partnership style of Springer & Willard. A. A. Paine & Co. furnished the ground feed the value of which is in controversy in this action, which feed was consumed by the said horses. Some time after the account accrued the firm of A. A. Paine & Co. was dissolved, and at the dissolution of the firm the ground feed account was assigned to Janney in the settlement of the partnership. He brought this action against the firm of Springer & Willard, and against Springer as an individual member of the firm. The defendants claimed that Willard bought the feed of A. A. Paine, and paid him therefor. The real facts relied upon as a defense were that A. A. Paine was indebted to Willard upon a promissory note, and that Willard bought the feed of Paine under the agreement that the price of the same was to be applied on the note and in payment thereof. After both parties had introduced their evidence the plaintiff filed a motion for an order directing the jury to return a verdict for the plaintiff. The motion was sustained upon the ground that an agreement between Willard and Paine that Willard should purchase the feed and pay for the same by the discharge of Paine's individual indebtedness, was void as to Janney, the other member of Paine & Co., unless Janney in some way assented to or ratified the transaction. We do not understand that this proposition is controverted by counsel for appellants.

But it is contended in behalf of appellants that the question as to whether there was such a partnership as

A. A. Paine & Co. should have been submitted to the jury. We do not think this position can be sustained. The existence of the firm was shown by the testimony of these witnesses, and there was no evidence to the contrary. It is said there was no firm sign erected at the place of business of the partnership, and that defendants had no knowledge of the existence of the firm. This want of knowledge and omission to use a sign was in no sense conflicting evidence upon the question of a partnership in fact. It having been established beyond question that the feed was partnership property, it was incumbent on the defendants to show that Janney in some way assented to the alleged agreement to pay the individual debt of Paine in partnership property, or that he (Janney) in some way ratified the act after it was done. *Thomas v. Stetson*, 62 Iowa, 537. There was no evidence of such assent or ratification.

The only other question necessary to be noticed in the case is the claim of counsel for appellants that, as they had no knowledge that Janney was in partnership with Paine, they had the right to deal with Paine as though he were the sole owner of the feed. It may be this position would be sound if there were any evidence that Janney was a dormant or silent partner. But there is no such evidence. The partnership existed for some three years. Janney was personally and publicly engaged in the business, and his daughter was bookkeeper of the partnership. There was no evidence of any act of concealment of the partnership. It is true that for part of the time there was no partnership sign upon the building. But there was no sign of any kind, and therefore no effort to mislead any one as to the true relation of the parties. We think that under the facts of the case the question of knowledge as to the partnership is immaterial. In our opinion the court rightfully directed a verdict for the plaintiff.

AFFIRMED.