GOTTHAUER & DOUGLAS v. H. S. CUNNINGHAM.

SET-OFF. In an action brought by a co-partnership upon a partnership account, an indebtedness due from one member of the firm to the defendant cannot be set off in such action.

*Error from the District Court of Logan County.*

*E. B. Green* and *S. L. Overstreet*, for plaintiffs in error.

*Keaton & Cotteral*, for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: This is an action on account, commenced before a justice of the peace, by H. D. Gotthauer and J. E. Douglas, as partners, against H. S. Cunningham, defendant.

The bill of particulars filed by the plaintiffs in the justice court states that the plaintiffs were partners in the cabinet making business in the city of Guthrie from the first day of February, 1894, to the 12th day of June, in said year, doing business under the firm name and style of Gotthauer & Douglas; that on the 13th day of June, 1894, said firm by mutual consent dissolved for all purposes except for the purpose of winding up the business of the firm, paying the debts thereof and collecting the accounts due the same. That during the months of April and May, 1894, the defendant became indebted to plaintiffs in the sum of forty and ten one-hundredths dollars, for work and labor performed by said plaintiffs for said defendant, at the special instance and request of said defendant. The plaintiffs have given credit to said defendant on their said account in the sum of $20 for legal services rendered by the

defendant for one of said plaintiffs. The defendant, in the justice court, did not dispute the correctness of the plaintiffs' account, nor the value of the work and labor done and performed, nor the correctness of the amount of credit given, but said defendant claims that he ordered the work from said Gotthauer. That he knew nothing of the firm of Gotthauer & Douglas at the time the work and labor was done and performed, but supposed he was dealing with Gotthauer as an individual. There was no showing or effort to show that the partnership did not, as a matter of fact, exist at the time the work was ordered and services performed, or that there were any representations made that the said work was to be done or was done by said Gotthauer as an individual, or that the work was not in fact done by the co-partnership of Gotthauer & Douglas. Defendant claimed an account for legal services against the plaintiff, Gotthauer, individually, exceeding the amount sued for by plaintiff, and asked to have the said account for legal services set off against said partnership account. Judgment was rendered in the justice's court in favor of the plaintiff and against the defendant for $20.10, the amount claimed by plaintiff over and above the credit allowed; from this judgment defendant, by petition in error, removed the cause to the district court of Logan county, where the judgment of the justice of the peace was by said district court affirmed. Plaintiff in error duly excepted to the action of the district court and removed said cause to this court by petition in error.

The only question presented in this record is, can an individual indebtedness from one member of a co-partnership be set off against a debt due to the co-partnership. Our answer must be in the negative.

It follows that the action of the court below must be affirmed, and the judgment is accordingly affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.