WOOLSON BROTHERS *vs.* D. L. FULLER & SON.

January Term, 1899.

Present:  TAFT, C. J., ROWELL, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed May 11, 1899.

*Partnership.*—One who makes, delivers and bills goods to one member of a
firm, knowing that they are for that member's personal use, is not
entitled to a money judgment therefor against the firm, although there
may be an understanding between him and such member, unknown to
the copartnership, that the goods shall apply in payment of the firm's
account against the seller.   Whether the right of offset would exist
under such an arrangement is not decided.

GENERAL ASSUMPSIT.   Trial by court, at the September
term, 1897, Washington county, *Tyler,* J., presiding.
Judgment for the plaintiffs.   The defendants excepted.

*T. R. Gordon* and *Lord & Carleton* for the defendants.

*Senter & Goddard* for the plaintiffs.

START, J.   It is found, among other things, that the
plaintiff, S. C. Woolson, was for many years engaged in
business as a merchant tailor, under the name of Woolson
Bros., and the defendants in the hardware business, under
the firm name of D. L. Fuller & Son, the firm consisting of
D. L. Fuller and his son, Charles H. Fuller; that, prior to
July 13, 1886, Charles had bought clothing for himself of
the plaintiff, and the balance of account against him was
$244.93; and that, on said day, the plaintiff charged this
balance to D. L. Fuller & Son, and thereafter furnished
clothing to Charles for his personal use, made and rendered
bills for the same to Charles personally, and charged them
upon his books to D. L. Fuller & Son.   The plaintiff's
reason for making these charges to the firm was, that he
was buying goods to a considerable amount at the firm's

store, and he understood that he was paying for the goods so purchased by him by the clothing he was furnishing to Charles. Charles did not direct the plaintiff to charge his bills to the firm, nor did he and the plaintiff ever agree that one account should pay the other, but both understood that the goods purchased by the plaintiff of the firm would be paid for by the clothing furnished to Charles. D. L. Fuller did not know that the plaintiff understood that the firm's bill against him was to be paid by clothing furnished to Charles, nor did he know that the plaintiff made his charges to the firm, nor that he claimed to have any charges against the firm, until this suit was brought.

It is unnecessary to, and we do not, decide whether or not effect can be given to the understanding of the plaintiff and Charles, that clothing furnished to Charles by the plaintiff should apply in payment of the firm's account against the plaintiff. The suit is brought by the plaintiff against the firm to recover for the clothing furnished by the plaintiff to Charles for his use and charged to the firm, less the payments made thereon by Charles; and, if a recovery can be had, it must be upon the ground that the firm is, under the circumstances shown by the findings, legally chargeable therefor. Charles could not, and did not, pledge the credit of the firm for his personal apparel. If his and the plaintiff's understanding has any effect upon the firm, it only has the effect to apply the clothing in payment of the firm's account against the plaintiff. It does not give a right of action against the firm. When the plaintiff made, delivered and billed the clothes to Charles, he knew that they were for Charles's personal use; and he could not bind the firm so as to entitle him to a money judgment against it, by an understanding with Charles, which was not known to the other co-partner, that they should apply in payment of the firm's account. The other co-partner knew nothing about the understanding of the plaintiff and Charles, and never consented that the firm should be holden for Charles's

personal apparel. Under these circumstances, the credit of the firm was not pledged so as to entitle the plaintiff to maintain an action against the firm. *Hubbard* v. *Moore,* 67 Vt. 532; *Jenney* v. *Springer & Willard,* 78 Iowa 617: 16 Am. St. Rep. 460.

> *Judgment reversed, and judgment for the defendants to recover their costs.*