## John J. Morrison v. Austin State Bank.

### Gen. No. 11,100.

1. MUNICIPAL WARRANTS—*how suit may be brought upon.* While municipal warrants given in payment for a local improvement are not negotiable instruments and do not possess the essential qualities of commercial paper, yet the legal title thereto may pass by indorsement so as to enable the assignee to sue thereon in his name, subject, however, to all equities and defenses that would be available to the municipality issuing such warrants if the suit were brought in the name of the original payee.

2. PARTNERSHIP PROPERTY—*when improper transfer of, by one partner, binds his copartner.* Where municipal warrants are received by one member of a partnership, who transfers them to his father in satisfaction of a past due personal obligation, and where such transferee, who was acquainted with the affairs of the firm or should have known that such warrants were firm property, indorses and delivers such warrants to a bank in consideration of a specific sum in cash, such bank having received the same without notice of the rights of the partnership therein, may, notwithstanding such firm and a receiver appointed therefor may never have received any benefit on account of such warrants, retain and collect the same as against such firm and its receiver.

Intervening petition in proceeding for partnership accounting, etc. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

JAMES A. BRADY, for appellant.

CASTLE, WILLIAMS & SMITH, for appellee; BEN M. SMITH, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

The question here is, who has the better right to certain warrants issued by the town of Cicero: the receiver of an insolvent partnership to which they were issued before it went into the receiver's hands, or the appellee bank which purchased them for value and without notice from a creditor of one of the partners, to whom the partner had transferred them, without the knowledge of his copartners, in payment of a past due indebtedness individually owing by the transferring partner to the transferee.

John J. Morrison & Co. & O'Brien was a copartnership in the business of building and laying cement sidewalks, and consisted of John J. Morrison, appellant herein, James D. Morrison, William Sullivan and George I. O'Brien. In behalf and as a partner of the firm, O'Brien received from the town of Cicero, a municipal corporation, twelve warrants aggregating $2,208.10 and issued by the town for work done and materials furnished by the firm under written contracts made by it and its assignors with the town for the laying of cement sidewalks. The warrants were in the form following:

Morrison v. Austin State Bank.

*This warrant is payable only from the Special Assessment named when collected.*

" COOK COUNTY, ILLINOIS.
Town of Cicero.

No.......

Treasurer,
Town of Cicero.
Clerk's Office, AUSTIN, Feb. 21, 1901.
Pay to John J. Morrison Co. and O'Brien ......
the sum of............Dollars.  For Bal. on cement
walks ..............out of the appropriation for the
Special No.......Fund only.  And charge same to
appropriation for said fund.
($........)
I hereby certify that the above bill was ordered
paid by the Board of Trustees of the Town of Cicero.
Countersigned.
JOHN I. JONES,
President of the Town of Cicero.
Signed,
J. E. TRISTRAM,
Town Clerk."

After receiving the warrants, O'Brien, having indorsed thereon the firm name written by himself, delivered them to his father, Thomas O'Brien, without any express authority from his copartners, in payment of a past due indebtedness of his to his father who was acquainted with the affairs of the firm and knew or should have known that the warrants were its property.  Thomas O'Brien indorsed and sold and delivered the warrants to appellee for the sum of $2,053.90 which he appropriated to his own use. Neither the firm nor the receiver appointed for it ever received any part of said sum or derived any benefit therefrom.  Appellee purchased and received the warrants for an adequate consideration in the usual and ordinary course of business and without notice of the rights of any person other than such as appeared on the face of the warrants and the indorsements on them.

Upon a bill filed by the other partners against George I. O'Brien, asking for an accounting of the copartnership affairs, a receiver was appointed to take charge of its assets and he served notice on the treasurer of the town, claiming the moneys represented by the warrants.  After-

wards appellee, having been refused payment of the warrants by the town, filed its intervening petition in the partnership case, setting up the foregoing facts.   The court after a hearing of all parties found and decreed that appellee was the sole owner of the warrants, that neither the receiver nor the partnership had any title or interest therein, and that the former should withdraw his notice served on the town treasurer.   From this decree John J. Morrison, one of the partners, appeals and contends that the warrants are not negotiable paper, that their transfer by George I. O'Brien to Thomas O'Brien was void, and that appellee by its purchase from the latter acquired no better title than he had.

While warrants such as we are here dealing with are not negotiable instruments and do not possess the essential qualities of commercial paper, yet the legal title to them may pass by indorsement so as to enable the assignee to sue in his own name, subject, however, to all equities and defenses that would be available to the municipality issuing the warrants if the suit were brought in the name of the original payee.   People v. Johnson, 100 Ill. 537.   Appellee therefore had a right to file the intervening petition in its own name, especially so in an equitable proceeding.

Undoubtedly no partner may pay his private debts with the assets of the firm ; and if he does so both he and every one who received the firm's property with notice, actual or constructive, of its rights are liable to the partnership for the value of its diverted funds.   But such a transfer while voidable is not absolutely void as it would have to be in order to hold a third party who acquired the partnership property for value and without notice of any improper diversion of partnership property.   That the transfer is not void results necessarily from the implied power of each partner, to sell and dispose of the property jointly belonging to all.   If he does so in the regular course of business and wrongfully converts the proceeds of the sale to his own use, the innocent purchaser for value still gets good title and is not liable to the other partners.   They trusted

their partner and put it in his power to sell the property and receive the proceeds, and they must look to him for their proportionate share.

The cases cited by appellant are not in conflict with the foregoing views. In McNair v. Platt, 46 Ill. 211, the individual creditor of one of the partners paid with partnership funds had notice of the misappropriation. To the same effect is Rainey v. Nance, 54 Ill. 29, where the court say (p. 36): " It (an appropriation of firm property for the payment of private debts) is held to be a fraud upon the other partners, and if the vendee or creditor can be held chargeable with notice the sale or payment will be held void." Harts v. Byrne, 31 Ill. App. 260, in effect lays down the same rule.

It is by no means a proposition universally true that with the exception of negotiable paper a grantor cannot transfer a better title than he has himself. It is settled law that a fraudulent grantor may, previous to any avoidance of his title by creditors or purchasers of the vendor, convey a good title to a *bona fide* purchaser ignorant of the fraud. Benjamin on Sales, 6th Am. ed. 463; Schweizer v. Tracy, 76 Ill. 345; Hacker v. Munroe, 176 Ill. 384; Mechem on Sales, secs. 150, 946, 977. The reason for this rule is plain. Where one has been invested with the *indicia* of ownership and he sells to a *bona fide* purchaser without notice, the latter acquires rights which the defrauded owner of the property, who would otherwise be entitled thereto, will, by reason of the circumstances, be estopped from assailing. R. R. Co. v. Phillips, 60 Ill. 190; 2 Pomeroy's Equity Jurisprudence, sec. 710; Mechem on Sales, secs. 159, 170. Where one of two innocent parties must suffer, the injury should fall upon the one who enabled the third party to commit the fraud. There is no reason why choses in action should form an exception to the operation of the rule. The present case indeed affords an excellent illustration of the necessity for including them. When the warrants were brought to the appellee bank for sale in the usual and regular course, properly endorsed in the partnership name by a member of the

copartnership owning them, it had a right to rely upon the right and power of one of the partners to sell them and was not bound to inquire of the other partners concerning such right and power, nor to see to the proper application of the moneys it paid for the warrants. O'Brien did not turn the proceeds of the sale into the partnership. But he had the right to sell. The wrong he committed was after the sale. He paid his father with the warrants and thereby converted them to his own use. With this conversion appellee had nothing to do and was ignorant of it. As against the partnership and its receiver, appellee is the lawful owner of the warrants. The only recourse the partners or the receiver has is against their wrong-doing copartner and the vendee with notice.

The decree of the Superior Court is affirmed.

*Affirmed.*