## Michael J. Cahill v. William H. Dellenback.

### Gen. No. 13,625.

1. INSTRUCTIONS—*effect of assuming proof of fact in issue.* It is not error for a court to assume by his instructions the existence of a fact which is established by the evidence without contradiction. Nor is it ground for reversal in such case that the court in its instructions stated that the fact was proved.

2. SET-OFF—*when defense of, does not lie.* A claim against a partnership cannot be set off against a claim of an individual member thereof if at the time of the arising of the individual claim the partnership had been dissolved, and this notwithstanding the fact that the creditor of the partnership had no notice or knowledge of the dissolution.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 9, 1908.

DICKINSON, MORRISON & ROST, for appellant.

M. J. RIESE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court. William H. Dellenback, the plaintiff below and appellee

here, sued, before a justice of the peace, Michael J. Cahill, the defendant below and appellant here, for legal services performed by him at the request of Cahill, from April 10, 1899, to June, 1902, and on October 21, 1902, he obtained a judgment for $110.    Cahill appealed to the Circuit Court, where the cause was tried *de novo* before a jury, which rendered a verdict for $177.75.    A motion for a new trial and a motion in arrest of judgment were overruled by the court and the defendant appealed to this court and has assigned numerous errors based on his defense below.

The defense did not attack the amount of the bill for services nor deny that the services were rendered by Dellenback for Cahill, but consisted of an alleged set-off, which was mostly made up of a claim for printing a professional card of a firm consisting of the plaintiff, Dellenback, and John R. Newcomer, doing business under the name of Newcomer and Dellenback for a period from 1893 to 1900, in two papers published by Cahill, called the Catholic Pilot and the Home Light.    The claim also comprised some legal advertising done for said firm during that time.

It appeared in evidence and was uncontradicted, that said firm of Newcomer and Dellenback was formed by oral contract for the practice of law, to continue at will, in August, 1893, and that it ceased about January 1, 1899.    At that date Newcomer became an assistant state's attorney of Cook county.

The trial judge excluded (according to the language of the bill of exceptions) all evidence of said set-offs prior to January 1, 1899, to which ruling defendant excepted.    He also "ruled out and excluded all evidence concerning said set-offs against said firm subsequent to said date, but admitted defendant's evidence of alleged set-offs as against plaintiff individually doing business under said firm name and style only, ruled that it made no difference whether defendant actually had notice of or knew the fact of such alleged dissolution or not, and afterwards instructed the jury that said firm was dissolved on or about the fore part of January, A. D. 1899, as appears elsewhere herein, to which rulings and acts of the court and each of them defendant excepted."

21

The instruction referred to in this recital is contained in the bill of exceptions, and was given of the court's own motion. It is as follows:

"The court instructs the jury that under the evidence in this case the partnership known as Newcomer and Dellenback was dissolved January 1, 1899."

Of course were the proposition one which the evidence showed was in good faith in dispute between the parties, it would not have been proper for the court so to instruct the jury; but there was no ground in the evidence whatever, so far as the bill of exceptions (which professes only to show the "tendency" of the evidence) shows, for any contrary contention.

The bill of exceptions says: "Plaintiff testified tending to prove that he and John R. Newcomer formed an oral partnership contract for the practice of law, to continue at will, commencing in August, A. D. 1893, and ceasing about the first of January, 1899, and that about this latter date said Newcomer became an assistant state's attorney of the county. * * *

"Plaintiff further testified tending to prove that he used the firm name of Newcomer and Dellenback after January 1, A. D. 1899, in appearing for said Cahill in said court of record suit commenced thereafter, entitled Ryan v. Cahill, Superior Court general number 204,983, and that said firm name was used at the request of defendant. * * *

"Defendant testified tending to prove that he received no notice and had no knowledge of said dissolution prior to the commencement of this suit. * * *

"Defendant further testified tending to prove that said firm name of Newcomer and Dellenback continued to appear on the door of the office which said firm had occupied and where plaintiff continued to do business, during all of the times covered by the items contained in said bill of particulars and sets-off and each of them, and that said Newcomer continued to come there occasionally since said fore part of January, A. D. 1899, and afterwards. * * * Defendant further testified on cross-examination tending to prove that

Cahill v. Dellenback.

shortly after January 1, A. D. 1899, he printed letter heads for plaintiff in this case, containing the name of plaintiff only.   Said letter head was:

WILLIAM H. DELLENBACK,
Attorney-at-Law.
Office, etc.

It will be seen that there was no denial or ground for denial by the defendant that the partnership ceased to exist January 1, 1899, but only that defendant knew of it.   It has been repeatedly held by the Supreme Court of Illinois, that to assume in an instruction a fact as proven which is established by the evidence without contradiction, is not error, and although we do not find in the decisions of that court the statement made that a direct instruction as to the existence of a fact is ever proper, the following paragraph from the Encyclopædia of Pleading and Practice, vol. 11, p. 132, title Instructions, shows clearly and accurately the situation:

"Where the evidence on a point is clear and conclusive and is not contradicted by other evidence, it is never a ground for reversal that the court in its charge assumes the existence of such fact *or states that it is proved,* no matter what view the reviewing court may take of the propriety of so doing. According to some decisions such assumption is harmless error, if improper.   According to others, it is proper for the court to do so."

The contention of the defendant really is, not that the partnership was in existence after January 1, 1899, but that his rights ought not to be affected by the fact of its dissolution because, as he says, he did not know of it.   But this, the trial judge ruled, made no difference, holding that the question as to the right of the plaintiff to his alleged claim, and of the defendant to his alleged set-offs, depended on the real facts and not on the defendant's knowledge of them.   In this he was plainly right, and it followed that he was right in excluding as immaterial all evidence concerning set-offs of Cahill against the firm of Newcomer and Dellenback. Claims which the defendant had against that firm had abso-

lutely nothing to do with the claims which Dellenback individually had against Cahill for services performed individually for him after the partnership had ceased, and could not be set off against them. Hilliard v. Walker, 11 Ill., 644; Coates v. Preston, 105 Ill., 470.

This the appellant argues is unjust, because the Limitation Act (chapter 83, section 17, of the Revised Statutes) provides that "a defendant may plead a set-off or counterclaim barred by the Statute of Limitation while held and owned by him to any action the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter-claim was so barred, and not otherwise"; and he—relying on that provision and the assumption (contrary to the fact) which he made, that Dellenback was still a member of the firm of Newcomer and Dellenback after 1898, while he (Dellenback) was furnishing him (Cahill) professional services—allowed the claims accruing to him before 1899 against the firm of Newcomer and Dellenback to become outlawed, so that he is without remedy.

But on the assumption that all the matters of fact involved in this contention were true and proven, it could make no difference to the rights of the defendant. If he relied on this provision of the statute in neglecting to enforce his claims against the firm of Newcomer and Dellenback, he was doing so at his own risk during all the time of the delay, that the partnership had actually ceased to exist.

The essential matter is that Dellenback actually is claiming in his own right, and the alleged set-offs actually are against a firm of which Dellenback was once a member. Dellenback could not be estopped from denying the validity of that set-off by any such evidence as that Cahill was not notified of the dissolution, or that the firm name was not erased from the door of the office where Dellenback continued to do business, or that Newcomer came to the office occasionally.

There is no reversible error in the judgment of the Circuit Court, and it is affirmed.

*Affirmed.*