KLEINSCHMIDT et al. v. WHITE et al.

No. 20860. Opinion Filed Oct. 18, 1932.

G. Ellis Gable and Kleinschmidt & Johnson, for plaintiffs in error.

H. B. Martin, D. C. Arnold, and Ferrell Martin, for defendants in error.

HEFNER, J. This is an action brought in the court of common pleas of Tulsa county by R. A. Kleinschmidt and Marvin T. Johnson, law partners, doing business as Kleinschmidt & Johnson, against Daniel W. White and Peter Cope White, physicians, doing business under the firm name of White & White, to recover the sum of $1,599, balance due on open account for legal services rendered defendants.

Defendants admit that plaintiffs are law partners and that plaintiff Johnson was engaged by them and in their behalf performed certain legal services. They allege that at the time they employed Johnson they had no knowledge of the existence of the partnership between him and Kleinschmidt, and that they at no time engaged the services of Kleinschmidt; that plaintiff Johnson rendered them a statement for services rendered on June 15, 1927, showing a balance due in the sum of $1,142.80; that at that time Johnson was personally indebted to them in the sum of $849; that they deducted this amount from the amount due and owing Johnson and paid him the difference, or a sum of $293.80; that after having received the statement on June 15, 1927, plaintiff Johnson rendered them an additional statement in which the sum of $750 for consultation from January, 1924, to July, 1927, was claimed.

Defendants deny that they were indebted

to plaintiff in any sum for consultation and pleaded that, after deducting the amount owed them by plaintiff Johnson, they have fully paid plaintiffs' account.

The case was tried to a jury and resulted in verdict and judgment in favor of defendants. Plaintiffs have appealed and assert that the judgment is erroneous for the reason that defendants had no right to offset against the partnership account of plaintiffs the individual indebtedness of a member of the partnership; and that the court erred in charging the jury to the contrary. We think this contention must be sustained.

In the case of Gotthauer v. Cunningham, 4 Okla. 551, 47 P. 479, the following rule was announced:

"In an action brought by a copartnership upon a partnership account, an indebtedness due from one member of the firm to the defendant cannot be set off in such action."

Defendants urge that the rule there announced cannot be applied to the case at bar for the reason that at the time they employed Johnson they had no knowledge of the existence of a partnership between him and Kleinschmidt. They cite no authorities to sustain this contention. Plaintiffs, however, have cited authorities to the contrary.

The United States Supreme Court, in discussing this question in the case of Rogers & Sons v. Batchelor, 9 L. Ed. 1063, said:

"The first instruction raised these questions—whether the funds of a partnership can be rightfully applied by one partner to the discharge of his own separate preexisting debt without the assent, express or implied, of the other partner; and whether it makes any difference, in such case, that the separate creditor had no knowledge at the time of the fact of the fund being partnership property. We are of the opinion in the negative, on both questions. * * * In the case of a partner paying his own separate debt out of the partnership funds, it is manifest that it is a violation of his duty and of the rights of his partners, unless they have assented to it. The act is an illegal conversion of the funds, and the separate creditor can have no better title to the funds than the partner himself had.

"Does it make any difference that the separate creditor had no knowledge at the time that there was a misappropriation of the partnership funds? We think not. If he had such knowledge, undoubtedly he would be guilty of gross fraud, not only in morals, but in law. That was expressly decided in Sheriff v. Wilks, 1 East 48,

and indeed seems too plain upon principle to admit of any serious doubt. But we do not think that such knowledge is an essential ingredient in such a case. The true question is, whether the title to the property has passed from the partnership to the separate creditor. If it has not, then the partnership may reassert their claim to it in hands of such creditor. * * *"

In 20 R. C. L. 911, the author states the rule as follows:

"Nor can a partner who is individually indebted to a person owing the firm apply the debt due the firm to the payment of his own debt, without consent or ratification by his copartners, even when this is done to retain the debtor's custom for the firm."

See, also, Cotzhausen v. Judd (Wis.) 28 Am. Rep. 539; Thomas v. Stetson (Iowa) 17 N. W. 751; McNair v. Platt, 46 Ill. 211. Under these authorities, the question of the knowledge of defendants of the existence of the partnership at the time of the employment of Johnson becomes immaterial, and the contract with Johnson was none the less the contract of the firm.

Under the contract, defendants might have required the individual services of Johnson, but the fees so earned would have been the fees of the partnership.

The trial court instructed the jury that the fees earned by an individual member of a law firm would belong to the partnership unless the individual member had contracted with the client to the contrary. This instruction was excepted to by plaintiffs and is erroneous. In Eggleston v. Boardman, 37 Mich. 14, the court said:

"A client is entitled to the personal services of his attorney upon the argument. But the retainer of one member of a firm is a retainer of all, and unless otherwise stipulated, the cause may be argued and conducted by any one of them."

In Dennis v. First Nat. Bank of Seattle (Wash.) 73 P. 1125, it is said:

"The general principles of the law of partnership apply to law firms, and such a firm may sue on a contract for services made by a single member."

To the same effect is Jackson v. Bohrman (Wis.) 18 N. W. 456; Snyder Mfg. Co. v. Snyder (Ohio St.) 43 N. E. 325.

Under these authorities the court erred in giving the instruction objected to.

Defendants in their brief discuss the question of accord and satisfaction. This question is not an issue in the case. They in-

sist that they had a right to offset against the firm account the indebtedness owed by Johnson to them. They deducted this amount and remitted to Johnson the balance of $293.80. The main issue in the case was the right of defendants so to do.

When Johnson rendered the account to defendants, it was rendered on behalf of the firm, and when he received the check, the same was credited to the firm account, and plaintiffs then brought suit for the balance. Under the law, they had a right to maintain this action for the reason that defendants had no right to offset against the firm account the indebtedness owed to them by a member of the firm.

There is an issue raised as to the right of plaintiffs to charge the $750 consultation fee. A statement for this amount was rendered defendants after having received their check for $293.80. The question of the correctness of this additional fee is one for the jury, to be determined under proper instructions.

Defendants, during the trial of the case, contended that part of the services were rendered prior to formation of the partnership. Plaintiffs testified that partnership was formed in 1923 and the account here involved was for services rendered beginning in 1924. They are not seeking to recover for services rendered prior to that time. The partnership, of course, is not entitled to recover for services rendered by any member thereof prior to the formation of the partnership. If it should develop, at a retrial, that it is attempting to charge for services rendered prior to such formation, it could not, in this action, recover for such services. This question, however, must be determined by the jury from all the evidence.

It appears from the record that the case was tried and submitted to the jury upon an erroneous theory of the law, and for this reason the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.

Note.—See under (1) annotation in 27 A. L. R. 112; 60 A. L. R. 584; 20 R. C. L. 942; R. C. L. Perm. Supp. p. 4983; 24 R. C. L. Perm. Supp. p. 5500; R. C. L. Pocket Part, title "Set-off," § 75.