ISAAC P. COATES

*v.*

DAVID PRESTON *et al.*

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1. SET-OFF—*demands must be mutual.* It is a familiar rule that debts, to be the subject of set-off, must be mutual between the parties to the action. A debt due from a firm can not be set off against the claim of an individual partner of the firm.

2. JOINT OBLIGATIONS—*statute making them several, construed.* Section 3, chapter 76, of the Revised Statutes, which delares that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants," has reference only to contracts, obligations or covenants made jointly by persons in their individual capacity, and not to partnership obligations or debts. The statute does not authorize suit to be brought on a partnership debt against one member of the firm.

3. BANK CHECK—*recovery when drawer has not a sufficient deposit to pay.* A bank is under no obligation to pay any sum on a check payable to the drawer's order, and by him assigned, when the drawer has not sufficient money on deposit to his credit in the bank to pay the check in full, and no recovery in such case can be had by the assignee. The rule may be different when the drawer himself is plaintiff.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SHUFELDT & WESTOVER, for the appellant:

A debt due by a co-partnership can not be set off in an action by a member of the firm to recover his individual demand. Debts, to be set off, must be mutual between the parties. *Gregg* v. *James*, Breese, 143; *Hinkley* v. *West*, 4 Gilm. 136; *Hilliard* v. *Walker*, 11 Ill. 644; *Walker* v. *Chovin*, 16 id. 489; *Phelps* v. *Reeder*, 39 id. 172.

Section 3, chapter 77, of the Revised Statutes, does not cover partnership obligations. The purpose of that section is, to make obligations joint in form, but executed by several,

joint and several. *Marine Bank* v. *Ferry's Admrs.* 40 Ill. 255; *Gage* v. *Mechanics' National Bank,* 79 id. 62.

A partnership obligation is distinct and different from a "joint obligation." 1 Parsons on Contracts, 11, 30; Parsons on Partnership, 346.

Partnership contracts were always considered, in one sense, joint and several; and the statute, therefore, has no reference to such contracts. The rule of law, that in an action against partners all must be joined, exists now as well as before the act. *Ladd* v. *Griswold,* 4 Gilm. 25; *Mason* v. *Tiffany,* 45 Ill. 392; *Silverman* v. *Chase,* 90 id. 37; Lindley on Partnership, 295, 298.

Mr. MORTON CULVER, for the appellees:

The note of the firm was joint and several, and being several as to Gardner, his deposit could be used, so far as applicable, toward the liquidation of the note. Rev. Stat. 1874, chap. 76, sec. 3.

Where a note is joint and several, any one of the makers thereof may be sued separately. *Moore* v. *Rogers,* 19 Ill. 347; *Powell* v. *Ketelle,* 1 Gilm. 491; *Ballance* v. *Samuel,* 3 Scam. 380; *Marine Bank* v. *Terry,* 40 Ill. 255; *Conover* v. *Hill,* 76 id. 342; *Gould* v. *Sternberg,* 69 id. 531; *Gage* v. *Mechanics' National Bank,* 79 id. 62; *Coombs* v. *Steele,* 80 id. 101; *People* v. *Harrison,* 82 id. 84.

Where each of several defendants against whom a judgment is rendered, is liable for the payment of the entire demand, such judgment may be set off against a judgment obtained by one of the defendants against the holders of the first mentioned judgment. Waterman on Set-off, secs. 231–3; *White* v. *Rogers,* 6 Blackf. 436; *Pate* v. *Gray,* Hemp. 155; *Owen* v. *Wilkinson,* S. C. (N. S.) 526; *Culver* v. *Barney,* 14 Wend. 162; *Fletcher* v. *Dyche,* 2 T. R. 32; *Dunn* v. *West,* 5 B. Mon. 376; *Branch State Bank* v. *Morris,* 13 Iowa, 136; *Stadler* v. *Parmlee,* 10 id. 23; *Lemon* v. *Stephenson,* 36 Ill. 49; *Carson* v. *Barnes,*

1 Ala. 193 ; *Hurdle* v. *Hanner*, 5 Jones, (N. C.) 360 ; *Bean* v. *Cabaness*, 6 Ala. 343 ; *Hutchins* v. *Riddle*, 12 N. H. 464.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court :

This suit was brought by Isaac P. Coates, against the firm of Preston, Kean & Co., who are described as bankers doing a general banking business, and was brought on a check drawn by Schuyler S. Gardner on defendants, for the sum of $2190, payable to his own order, and afterwards indorsed by him in writing on the back of the check, and then delivered to plaintiff. The defence, shortly stated, is, that Gardner, the drawer of the check, was, at the time, a member of the firm of Colby, Gardner & Co., which firm was then · indebted to the defendant banking firm in a sum in excess of the sum specified in the check, and that at the date the check was presented to defendants for payment, had not then, and has not since had, to his credit in their bank a sum exceeding $2111.46 ; that plaintiff was not, at any time prior to the commencement of this suit, a *bona fide* owner or holder of the check in suit for value paid by him, and that defendants would allow, as a set-off, the indebtedness of Colby, Gardner & Co. to them, which was then in judgment, the full amount of $2111.46, against the claim of plaintiff. To a special plea setting up these facts with the usual formality, the court overruled the demurrer interposed by plaintiff, and rendered judgment for defendants. That decision was affirmed in the Appellate Court, and now plaintiff brings the case to this court on appeal.

It is conceded in the argument, any defence to this action may be made that could be made had Gardner, the drawer of the check, brought the suit in his own name to recover the amount due him from the bank. But could the defence set up in the plea be sustained against Gardner if he were suing ? It is apprehended it could not. It is a familiar principle that debts, to be the subject of set-off, must be mutual be-

tween the parties to the action. That is not the case here. The debt offered to be set off is the debt of the firm against the claim of one of the individual partners. That can not be done, and so this court held in *Hilliard* v. *Walker*, 11 Ill. 644.

It is a misapprehension to suppose section 3, chapter 76, Revised Statutes 1874, changes the practice in this respect. Even if that section of the statute has any application to partnership contracts, which is not conceded, still, the debt or claim offered to be set off in this case would not be mutual nor between the parties to the action, and therefore, under the previous decisions of this court, it could not be the subject of set off against the claim of the individual partner. *Gregg* v. *James et al.* Breese, 143 ; *Burgwin* v. *Babcock*, 11 Ill. 28 ; *Hilliard* v. *Walker*, id. 644.

There is one ground, however, upon which the judgment must be affirmed. It is averred in the plea that Gardner did not have the amount of money on deposit in the bank of defendants that the check called for. The demurrer, of course, admits that fact. It is apprehended the bank was under no obligation to pay any sum on the check unless the drawer had sufficient money on deposit to his credit with which to pay the check in full. It seems plain the present plaintiff could not recover for a moiety of the check. That, in effect, would be the division of the claim, which the law will not allow. A very different question would be presented if Gardner were himself plaintiff in this suit. Plaintiff could only recover, if at all, on the check, and if the drawer did not have a sufficient sum on deposit in defendant's bank with which to make full payment, so that it could take up and hold the check as a voucher, the bank was under no obligation to make a partial payment, and could rightfully refuse to pay the check, or any part of it, as it did. *In re Brown*, 2 Story, 502 ; 2 Parsons on Notes and Bills, 78.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*