## Eli Jacobson et al. v. Bank of Commerce.

1.' BANKS AND BANKING—*Checks as Transfers of Amounts on Deposit.*—A check drawn by a depositor, operates at the time it is given as a transfer to the drawee of so much of the amount standing to the credit of the depositor, independent of the will of the bank.

2. SAME—*Priority Between Different Checkholders.*—As between different checkholders the one who first presents his check for payment is entitled to priority, at least if the bank has no notice of any prior check outstanding.

3. SAME—*When the Drawer has not Sufficient Funds on Deposit.*—A bank is under no obligation to pay anything on a check to the drawee, when the drawer has not sufficient money on deposit to his credit to pay the check in full, and no recovery can be had by the drawee.

Assumpsit, on a check. Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

MOSES, PAM & KENNEDY, attorneys for plaintiffs in error.

FELSENTHAL & D'ANCONA, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

July 28, 1892, the bank had to the credit of one Harry Simon $546.85. The day before, Simon had given to the plaintiffs—here and below—his check for $252.36, which was presented for payment, and payment refused on the

29th of that month.   On the 28th the bank had refused to pay other checks of Simon to the amount of $455.   We assume that the reason for such refusals on the 28th was insufficient to justify the bank.

The bank had charged to Simon a note, not due, of greater amount than the balance to his credit, and the checks were presented after such charge.

A suit against the bank on one of those checks presented on the 28th—such check being for $375—is pending.

The position of the plaintiffs is that their check operated at the time it was given as a transfer to them of so much of the amount standing to the credit of Simon.   As against other claims subject to prior equities, *e. g.*, garnishments, that seems to be the law in this State.   Bank of America v. Indiana Banking Ass'n, 114 Ill. 483.

But as between different checkholders, the one who first presents his check is entitled to priority, at least if the bank has no notice of any prior check outstanding.

We are referred to no case in which priorities among check-holders has been the question, but in the very nature of the banking business the rule must be "first come, first served."

The check for $375 is, therefore, entitled to priority over the one held by the plaintiffs.   Nor can the plaintiffs have any advantage by the wrongful refusal—if it was wrongful —of the bank to pay that check of $375.   Its effect *in rem* to transfer so much of the fund on deposit is independent of the will or act of the bank.   Deducting that $375, not enough of the deposit remained to pay the check of the plaintiffs; and the bank was not required to pay anything, unless it had the funds to pay in full.   Coates v. Preston, 105 Ill. 470.

The judgment is affirmed.