## A. E. Rouse et al. v. Emily R. Calvin.

1. BANKS AND BANKING—*Transfer of Deposit by Checks.*—The check of a depositor upon his banker transfers to the payee the title to so much of the deposit as the check calls for, provided, the depositor has funds to that amount on deposit, subject to his check at the time it is presented.

Bill of Interpleader.—Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Decree. Appeal by the unsuccessful party. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 9, 1898.

### STATEMENT.

This suit was begun by a bill of interpleader filed by the Illinois Trust & Savings Bank, which made appellants,

appellee, and the receiver of the Climax Cycle Company, parties defendant. The bill sought to have determined the rights of the defendants to a fund of $442.78 held by the Illinois Trust & Savings Bank.

On June 23, 1896, the appellants sent their check for the sum of $412 to the Climax Cycle Company, which was then engaged in the manufacture of bicycles, to pay for certain goods, an order for which accompanied the check. The goods were never delivered, but the check was retained by the Climax Cycle Company and deposited by it with the Illinois Trust & Savings Bank, and on June 29, 1896, the check having been collected, the amount thereof was credited by the Illinois Trust & Savings Bank to the deposit account of the Climax Cycle Company. On June 22, 1896, the Climax Cycle Company gave its check for $443 on the Illinois Trust & Savings Bank to one Goldfinger, in part payment of what is admitted to have been a *bona fide* indebtedness. This check was afterward sold, indorsed and delivered by Goldfinger to appellee.

On June 26th an order was entered by the Superior Court of Cook County, appointing the Chicago Title & Trust Co. receiver for the Climax Cycle Company, and directing that all the property of the Climax Cycle Company be transferred to such receiver.

The check of appellant for $412 was not collected and credited to the account of the Climax Cycle Company, nor was the check of the Climax Cycle Company for $443 presented for payment by appellee until after this appointment of the receiver.

On June 22, 1896, when the check for $443 was given to Goldfinger, the Climax Cycle Company had no balance on deposit to exceed $50, but afterward, and after the appointment of the receiver, its balance was increased to the sum of $442.78, by the credit of the $412 check received from appellants.

In the court below each of the defendants made claim to this balance in part or in whole. Appellants claimed that by reason of the failure of the Climax Cycle Company to

deliver the goods ordered, and the subsequent appointment of a receiver for its property, the check sent with the order either remained or became again the property of appellants, and the amount of the same, viz., $412, was held in trust by the Illinois Trust & Savings Bank for appellants. Appellee claimed that the check given Goldfinger, and by him assigned to her, for $443, although not presented for payment until after appointment of the receiver, and although the balance of the drawer on deposit never amounted to $443 after the giving of the check, yet operated to effect an assignment to her of the $442.78 on deposit when the check was presented. The receiver claimed that the order appointing it as receiver operated to transfer to it the right to this fund, against which no check had been presented prior to the appointment. The court decreed that appellee was entitled to the fund. From such decree appellants have prosecuted this appeal. The receiver does not join in the appeal.

EDWIN A. MUNGER, attorney for appellants; WARWICK A. SHAW, of counsel.

BLUM & BLUM, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The receiver was entitled to the fund in question. On June 26, 1896, the date of the receiver's appointment, the fund of $422.78 was, to the extent of $412, the amount of appellants' check, in the hands of the Illinois Trust & Savings Bank, and in course of collection for the Climax Cycle Company; and to the extent of $10.78 was a balance of the deposit account of the Climax Cycle Company in the bank. It was all the property of the Climax Cycle Company on June 26, 1896, and by virtue of the order of the Superior Court of that date became transferred to the receiver.

Appellants were not entitled to the amount of this fund represented by their check, for the payment by them to the

Climax Cycle Company is not shown to have been obtained by fraud and can not be rescinded merely by reason of the subsequent receivership. The transaction, sending check and ordering goods, created a liability on the part of the Climax Cycle Company to appellants, and that liability still exists, but it can not be thus enforced as against this specific fund. They can not go upon this particular fund to the prejudice of other general creditors, to satisfy a claim, whether it be for money had and received or for damages for a breach of contract. Appellee was not entitled to the fund, for her check, being for a sum larger than the balance which the drawer had on deposit, did not operate to transfer such amount as was on deposit. Pabst Brewing Co. v. Reeves, 42 Ill. App. 154.

Neither did it operate to transfer any amount until presentation. Pabst Brewing Co. v. Reeves, *supra;* Greenebaum v. Am. T. & Sav. Bank, 70 Ill. App. 407.

In the former case the court said : " The rule in this State is that the check of a depositor upon his banker transfers to the payee the title to so much of the deposit as the check calls for, provided the depositor has funds to that amount on deposit, subject to his check at the time it is presented."

It was not presented until after the order appointing the receiver had operated to transfer the balance of the Climax Cycle Company in the bank to the receiver.

If, therefore, the receiver had joined in this appeal, or if the assignments of error were broad enough to permit appellants, as a general creditor, to insist upon the receiver's rights, we would be obliged to treat the decree as erroneous. But the receiver does not appeal. And it is not assigned as error that the court erred in not decreeing that the receiver was entitled to the fund. We can not grant relief which is not sought, nor can we act upon errors not complained of.

The only errors assigned are, in effect, that the trial court erred in not decreeing that appellants were entitled to the fund. In this there was no error.

In so far as the decree finds that appellants are not entitled to the fund in question, it is affirmed.