C. M. HENDERSON & COMPANY V. UNITED STATES
NATIONAL BANK.

FILED NOVEMBER 23, 1899.   No. 9,054.

Bank Check: PAYMENT: INSUFFICIENCY OF DEPOSIT.  A bank will not
    be obligated to pay a check in a sum greater than the amount
    to the credit of the drawer in his account with the bank; nor
    does the check operate a transfer or an assignment of the
    lesser amount of the account.

ERROR from the district court of Douglas county.
Tried below before POWELL, J.   Affirmed.

Cavanagh & Thomas and Edward P. Pettis, for plaintiff
in error.

W. D. McHugh and J. C. Cowin, contra.

HARRISON, C. J.

The plaintiff, also plaintiff in error in this action, com-
menced in the district court of Douglas county, alleged
for cause that one C. E. Wilson, being indebted to it in
the sum of $716.22, drew in its favor and delivered to
it a check for said amount on the Commercial State Bank
of Crawford, this state, which check was deposited for
collection with the National Bank of America of Chi-
cago, and by it forwarded to the defendant bank for col-
lection, and by it forwarded to the Crawford Banking
Company of Crawford, Nebraska, for collection, and by
it collected; that the last mentioned bank drew its check
on the defendant bank, payable to the order of M. T.
Barlow, cashier of the defendant bank.   On the day the
check was received by the defendant the Crawford Bank-
ing Company had on deposit with the defendant $569.82.
The check, when received, was stamped paid.   This was
in the morning of December 10, 1894, about 9 o'clock.
The defendant held two notes of $500 each against the
Crawford Banking Company, which, however, were not

due on the date last stated, and during the day, at a time later than the reception and stamping of the check, canceled the mark or stamp of "Paid," and applied the funds of the Crawford Banking Company on deposit with defendant in payment on the unmatured debts of the banking company to defendant. Demand on defendant for payment to plaintiff of the amount of the deposit with defendant in favor of the banking company at the time of the reception of the check was pleaded; also a refusal of such payment. The answer of defendant, after some preliminary statements of which further notice is unnecessary, was as follows: "Admits the indebtedness of Wilson to plaintiff, as therein alleged; admits the execution of the check therein mentioned, and that said check was transmitted to this defendant and by this defendant transmitted to the Crawford Banking Company, as in said amended petition alleged; admits that the said Crawford Banking Company accounted for said collection by inclosing to this defendant a check for $715.52 on this defendant to the order of M. T. Barlow, cashier; that said M. T. Barlow then was and now is the cashier of this defendant, but this defendant denies that at the time said check was received by this defendant the said Crawford Banking Company had any account whatever to its credit with this defendant. This defendant admits that the said check was stamped and marked paid, but denies that the same was stamped and marked paid by this defendant, and alleges that the said check was stamped and marked paid by a clerk, who had no authority whatever to pay said check or bind this defendant in respect thereto, and that the same was placed thereon by mistake of fact and in error, and that the same was not the act of this defendant or binding upon this defendant. This defendant further alleges that during all the times mentioned in the amended petition of the plaintiff herein, and for a long time prior thereto, there prevailed and was in the city of Omaha, where this defendant does business, and throughout the state of Ne-

braska, and in said city of Crawford, and among bankers generally, and there is now among bankers in said city and state and elsewhere, a general custom to credit upon indebtedness, whether due or otherwise, held by a bank the funds in the possession of the bank, the deposit to the credit of a debtor whenever said debtor becomes or is insolvent; that said custom was well known to the parties hereto and said bank of Crawford and all the parties mentioned in the amended petition herein, and that all the transactions named in said amended petition were taken and had with reference to said custom and subject to the same, and with full knowledge thereof and in complete acquiescence therein. Defendant further denies each and every allegation in said petition contained not herein admitted to be true." To this answer there was no reply. A trial resulted in a judgment for defendant.

The plaintiff, in an error proceeding to this court, contends that the check of the Crawford Banking Company on defendant operated an assignment of the amount of the former's deposit with the latter; that, as against the plaintiff's rights, the defendant could not apply the amount of said deposit in payment of the debts of the Crawford Banking Company to defendant not then due; that defendant could not refuse payment to plaintiff of the amount of the deposit, although it was less than the sum for which the check called. It has been decided by this court that "A check drawn on funds in a bank is an appropriation of the amount of the check in favor of the holder thereof,—in effect an assignment of the amount of the check,—and the holder, upon refusal of the bank to pay the same, where such funds have not been drawn out before its presentation, may bring an action thereon in his own name." See *Fonner v. Smith*, 31 Nebr., 107; also, *Columbia Nat. Bank v. German Nat. Bank*, 56 Nebr., 803. And further: "As against the holder of a check against an account of a depositor the bank of deposit may not apply the amount of the account to the payment

of the indebtedness of the depositor to the bank which is not yet due, although the depositor may be insolvent." See *Columbia Nat. Bank v. German Nat. Bank, supra*. But in each of the cases just cited the amount of the deposit to the credit of the drawer of the check exceeded the sum stated in the check. In the case at bar, the amount on deposit was less than the amount of the check; and the check being for a sum greater than stood to the credit of the drawer, the bank was under no obligation to pay the check or to make the partial payment. The check was not operative as an assignment, since the funds were not present to meet it. The bank was not obligated to pay it in whole or in part, and it did not transfer the fund. See *Rouse v. Calvin*, 76 Ill. App., 362; *Bank of Antigo v. Union Trust Co.*, 149 Ill., 343; *Coates v. Preston*, 105 Ill., 470; *Dana v. Third Nat. Bank*, 13 Allen [Mass.], 445; *In the matter of Brown*, 2 Story [U. S.], 512; *Jacobson v. Bank of Commerce*, 66 Ill. App., 470; 3 Am. & Eng. Ency. of Law [2d ed.], 835; *Beauregard v. Knowlton*, 156 Mass., 395. Counsel for plaintiff in error cite us to the decision in the case of *Bromley v. Commercial Nat. Bank of Pennsylvania*, 9 Phila. [Pa.], 522, to sustain their contention. We have examined this decision, but deem the doctrine of the opinions to which we have referred the better and sounder, and supported by superior reasons. The judgment of the trial court is

AFFIRMED.