Troike  v. Cook County Savings Bank.

---

# Rudolf Troike v. Cook County Savings Bank et al.

## Gen. No. 12,529.

1.  SPECIAL DEPOSIT—*when does not exist.*  Where money is placed in the keeping of a third party without a special understanding that the same shall be kept separate and apart from the personal funds of the custodian, a special deposit is not created.

2.  CHECK—*when bank may refuse to pay.*  A bank may properly refuse payment of  a check where the drawer has not sufficient funds to meet the same, unless it  appears that the bank is apprised of and is

a party to a trust arrangement between the drawer and the payee of such check.

3. ERRORS—*what, appellant cannot assign.* A party appellant cannot assign errors which do not relate to his interest in the controversy.

Bill to enforce alleged trust. Appeal from the Circuit Court of Cook County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

**Statement by the Court.** This is an appeal from a decree of the Circuit Court dismissing appellant's bill, brought against appellees, for want of equity on hearing.

The bill was filed June 8, 1903, and alleges that on March 9, 1903, appellant, complainant, was the owner and possessor of $700, and delivered said sum to one Charles C. Schumacher for safe keeping, to be returned to complainant on demand; that on March 11, 1903, the said Schumacher deposited to his credit with appellee the Cook County State Savings Bank, a corporation, etc., the sum of $1,500, part and parcel of which was the money belonging to complainant.

That on May 1, 1903, complainant was the owner and possessor of the further sum of $700 in cash, and a note for $1,100 secured by a trust deed on real estate, and on that day sold the note to said Schumacher for $1,100 in cash, and the currency was then and there deposited to the credit of said Schumacher in the said bank, and complainant by means of the premises became and was the owner of the further sum of $1,800 and delivered the $700 in cash and permitted the $1,100 to remain on deposit as aforesaid; that said Schumacher stated that the said $700 in cash would be deposited by him on May 2, 1903, with said bank to meet the check hereinafter mentioned, and the said sum was by said Schumacher during that and the following day turned into checks, and said checks, représenting said $700, were afterwards, on May 4, 1903, deposited to the credit of said Schumacher with said bank; that it was agreed between said Schumacher and the complainant that said $2,500 so belonging to complainant were to remain on de-

posit to the credit of said Schumacher with said bank in trust for complainant until the check herein next mentioned should be presented by complainant or the holder thereof.

That then and there and as a part of the same transaction, said Schumacher signed and delivered to complainant a check on said bank dated May 1, 1903, payable to the order of complainant for $2,500 and then and there stated to complainant that it would be better to hold the check and carry that instead of the cash represented by it; that complainant accepted the check and still is the owner and holder thereof; that said Schumacher had, however, without the knowledge and consent of complainant, withdrawn by a check issued by him a certain portion of the money theretofore confided to him by complainant.

That said Schumacher departed this life testate on May 3, 1903; that said check for $2,500 was presented for payment to said bank on May 26, 1903, and again on June 3, 1903, but payment was refused in both instances; that when said check was presented for payment said bank had on deposit to the credit of said Schumacher a large sum of money which could and should have been applied to the payment of said check, but said bank did not have sufficient funds on deposit to pay and satisfy said check; that the bank refuses to inform complainant as to how much said Schumacher had on deposit with it on May 26, 1903, and refuses to pay said check in whole or in part, and complainant has no remedy at law to recover the amount on deposit so as to apply it on said check.

Complainant filed a supplemental bill on August 1, 1903, representing that since the filing of the original bill and on or about June 22, 1903, the Chicago Title & Trust Company was appointed administrator with the will annexed of the estate of said Schumacher and makes it a party defendant and claims it had no right as administrator to the funds on deposit to the credit of Schumacher at the time of his death until the check held by complainant was paid

and prays for the relief prayed for in the original bill and for summons.

The answer of the administrator sets up that on March 9, 1903, one Susie E. Clark who was indebted to complainant upon a note for $700 which became due about that time at said Schumacher's office paid to said Schumacher $738.50, the amount of principal and interest due thereon, and gave Schumacher instructions to take up and cancel said note, and that afterwards about March 27, 1903, complainant called at Schumacher's office with the note and delivered it to Schumacher and the same was cancelled and Schumacher paid to complainant $38.50 and complainant requested Schumacher to retain in his possession for safe keeping the $700; that this was mingled with his own funds by Schumacher so that the same could not be identified, and no part of the money formed any part of any deposit made by Schumacher in the bank on March 11, 1903; that the said sum of $1,100 was not set apart in any way from the funds of Schumacher; that Schumacher did not have on or about May 1, 1903, in his possession the sum of $1,100 in cash and could not have set that sum apart, and that the items mentioned in the bill of complaint were not deposited by Schumacher as alleged in the bill; admits the signing and delivery of the check of $2,500, but neither admits nor denies the alleged statements made at the time and calls for strict proof; avers that at the time Schumacher drew the check the balance to his credit in the bank did not exceed $1,456.21, and at no time thereafter and prior to his death did Schumacher have any larger sum to his credit in the bank, and denies that the check amounted to an assignment or appropriation of the funds then in bank, alleges that the sum of $703 in the possession of Schumacher at the time of his death passed to and vested in his legal representatives and that the deposit of the same was without authority and said bank should not have credited the same to Schumacher, as the bank knew of his death, and that the bank holds $2,159.21 for the use of the defendant and complainant has no interest therein.

The answer of the bank admits the deposits, the refusal to pay the check of $2,500; denies any knowledge prior to June 4, 1903, that complainant had any right to or interest in any deposits made by Schumacher and avers that all credits of Schumacher were relied upon by the bank as security for debts due from Schumacher to the bank; states Schumacher's credit balance on May 1, 1903, was $1,659.03 and on May 16, 1903, was $1,464.91 and at the close of business June 3, 1903, there was nothing to his credit; that on that day the bank charged Schumacher's account with $2,169.81, being the total credits to his account, and credited it on debts due from Schumacher to the bank.

The bank filed an additional answer on May 18, 1904, in which among other things it sets up the various items of Schumacher's indebtedness to the bank and how the same arose and the application of the money thereto and that all the deposits made by Schumacher were general deposits.

Replications were filed to the answers, and on hearing the court dismissed the bill and supplemental bill of complainant for want of equity and decreed the recovery by the administrator from the bank of $700 deposited with the bank and credited to the account of Schumacher after his death.

JOHN STELK, for appellant; ROSENTHAL, KURZ & HIRSCHL, of counsel.

WILLIAM GARNETT, JR., for appellee; H. G. STONE, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellant in argument bases his right to a decree on three grounds: First, that a trust attached to the funds deposited with Schumacher which followed the funds in the hands of the bank; second, that the check for $2,500 amounted to an equitable assignment of the funds in the bank to the credit of Schumacher to the extent of the amount of such credit; and third, that under the circum-

stances equity will rescind the entire transaction between complainant and Schumacher and hold the money as belonging to complainant.

The only testimony in the case is that of complainant and Henry D. Schumacher, a brother and clerk of deceased, C. C. Schumacher. The other evidence in the case consists of the books and papers evidencing the transactions in question.

Rudolf Troike, the complainant, testified that he went to Henry D. Schumacher on Friday, May 1, 1903, and turned in a check for $300 and currency for $400 and also turned over the note and mortgage for $1,100. Schumacher had collected $700 previously. This made altogether $2,500 for which he gave complainant a check and at the same time stated that he could draw the money on it at any time. Complainant had agreed with one Bourke to make him a loan and gave him (Bourke) the check. He testified to the account of Charles C. Schumacher as it appeared from the books of the bank and as stated in the pleadings; and that Charles C. Schumacher died on the following Sunday morning.

Henry D. Schumacher testified to the same effect substantially and that he was a brother of Charles C. Schumacher and his clerk; that he made up a deposit on Saturday, not including the currency on hand, but did not get an opportunity to go to the bank. He deposited the check on Monday morning, the cash remaining in the drawer; that the complainant had money on deposit with his brother of $700 and interest, which went into the bank with other money; that on May 4th there were other checks deposited amounting in all to $703 and some cents.

This evidence shows simply a general deposit of funds and checks with Schumacher with the understanding and expectation on the part of complainant that the check on the bank which he received for his money and securities would be honored when he should present it to the bank for payment. There appears nowhere in the transaction any understanding or agreement that the money, the pro-

ceeds of the checks and notes, should be kept by Schumacher as a special deposit and not mingled with his own funds. On the contrary, the evidence tends to show that Schumacher was to deposit the money with his other funds in the bank, with the implied agreement that Schumacher should keep a sufficient balance in the bank to meet the check when it should be presented. The check for $2,500 given to complainant shows on its face that it was drawn on a general deposit account, not on a special account. This further tends to show that complainant understood that the money would be deposited in a general deposit account to the credit of Schumacher in the Cook County State Savings Bank. This necessarily meant that it would be mingled with the other funds of Schumacher deposited in that account, and negatives the idea of a special deposit or trust fund in the bank.

Under such a state of facts the money cannot be followed as a trust fund in the hands of the bank. When deposited by Schumacher it created the relation of debtor and creditor as between the bank and Schumacher. Wetherell, Assignee, v. O'Brien, 140 Ill. 146; Halle v. National Park Bank, 140 id. 413. And under the facts shown such was the relation created as between Schumacher and complainant.

The bank was under no obligation to pay the check when presented, inasmuch as Schumacher did not have sufficient money on deposit to his credit with which to pay the check in full. Coates v. Preston, 105 Ill. 470; Brown v. Schintz, 202 id. 509; Rouse v. Calvin, 76 Ill. App. 362.

No notice of the rights and interest of complainant in the money deposited by Schumacher was given to the bank, and hence it was not bound to regulate its action with reference to any right or lien of which it was uninformed.

The Chicago Title & Trust Company, administrator, has not assigned cross-errors on the record, and as the administrator is the only one who is affected by the action of the bank in applying the money on deposit to the payment of

notes held by the bank against Schumacher, that action or its legal or equitable results are not before us.

We think the decree is just, and it is accordingly affirmed.

*Affirmed.*